W. B. GRIMES DRY-GOODS CO. v. MALCOLM, (WAPLES, Intervener.)

(Circuit Court of Appeals, Eighth Circuit. October 30, 1893.)

No. 298.

1. EVIDENCE—DECLARATIONS OF GRANTOR.
    On trial of an issue as to whether or not an instrument is a chattel mortgage, or an assignment for the benefit of creditors, testimony of the person executing it, as to statements made by him to a third person as to its character, is inadmissible.

2. TRIAL—SPECIAL FINDINGS BY JURY—FOLLOWING STATE PRACTICE.
    Mansf. Dig. Ark. § 5142, in force in the Indian Territory, and providing that the jury may be required to find specially upon particular questions of fact, having been decided by the supreme court of Arkansas not to be mandatory, and, such a statute not being obligatory upon the federal courts, the refusal of the court in the Indian Territory to submit questions for special findings is not a ground for reversal.

3. APPEAL—HARMLESS ERROR—DIRECTING VERDICT.
    It is not reversable error for the court to direct a juror to agree with his fellows, when the evidence is of such a character that the court may take the case from the jury and direct a verdict.

4. SAME—INSTRUCTIONS.
    Where no other verdict could have been rightfully rendered, the appellate court will not consider exceptions based on instructions given and refused.

In Error to the United States Court in the Indian Territory.

At Law. Action commenced by attachment by the W. B. Grimes Dry-Goods Company against John Malcolm. Paul Waples intervened, claiming the attached goods under a deed of trust. Judgment for the intervener. Plaintiff brings error. Affirmed.

N. B. Maxey and John N. Ritter, for plaintiff in error.

A. G. Moseley, for defendant in error Waples.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This case is identical in its origin, and in the principal questions involved, with the case of Hat Co. v. Malcolm, 2 C. C. A. 476, 51 Fed. 734. We need only consider, therefore, the assignments of error which raise questions not decided in that case.

The plaintiff in error examined Malcolm, the mortgagor, as a witness, and in the course of the examination asked the witness if he had not told one Wiswell that the instrument under which Waples, the interpleader, claimed the goods, was an assignment, and that it was void. The interpleader interposed an objection to the question, which the court properly sustained. The mortgagor could not prejudice the rights of the mortgagee by statements made to third parties after the execution of the mortgage, and the delivery of the property thereunder to the trustee.

The court refused the plaintiff's request to submit to the jury 11 questions for special findings. The Arkansas Code, in force in the Indian Territory, provides that "in all actions the jury in their discretion may render a general or special verdict, but may be required by the court in any case in which they render a general verdict to find specially upon particular questions of fact to be stated in writing. * * *" Section 5142, Mansf. Dig. The supreme court of Arkansas has decided that this section is not mandatory, but that whether a jury shall be required to find specially upon particular questions of fact is a matter within the discretion of the court. Railway Co. v. Pankhurst, 36 Ark. 371, 378. Moreover, state statutes which require the state courts to submit special questions to the jury are not obligatory upon the federal courts. Association v. Barry, 131 U. S. 100, 119, 9 Sup. Ct. 755.

A further assignment of error is that the court, in effect, told one of the jurors trying the case that it was his duty to agree with his fellows in finding a verdict for the interpleader. The record contains all the testimony, and, upon looking into it, we are all of the opinion that there was no evidence tending in the slightest degree to impeach the interpleader's title to the property, and that the court should have so told the jury, and directed them to return a verdict for the interpleader. It was not error for the court to direct one juror to do what it ought to have directed all of them to do before leaving their box. The mortgage, and proof of possession taken thereunder, established the interpleader's title to the property, and there was no evidence tending to establish a contrary conclusion.

This case, as well as that of Hat Co. v. Malcolm, supra, seems to have been tried on the assumption, assented to by all parties, that it was competent for the attaching creditors, for the purpose of defeating the mortgagee's title, to contradict and vary the terms of the mortgage by parol testimony, and to show, if they could, that the grantor or mortgagor designed the instrument for an assignment for the benefit of creditors, and not a mortgage, and that, if the grantor intended that the instrument should operate as an assignment, it must have that operation, without regard to its terms, or to the knowledge or intention of the grantee or mortgagee. We do not wish to be understood as assenting to the soundness of these assumptions. An inquiry into their soundness is not necessary, however, to the decision of this case. Assuming, but not deciding, that they are good law, it is sufficient to say that there is not a particle of proof in the case tending to show that either

of the parties to the instrument intended it to be other than what it purports to be on its face, namely, a mortgage.

It is well settled that a federal court may withdraw a case from the consideration of the jury, and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569; Sanger v. Flow, 4 U. S. App. 32, 1 C. C. A. 56, 48 Fed. 152; Hinds v. Keith, 57 Fed. 10. Inasmuch as, upon the pleadings and evidence, the jury could rightfully find only as they did, it is unnecessary to consider exceptions based on instructions given and refused. Upon this record the plaintiff could not have complained of an instruction to return a verdict for the interpleader.

The judgment of the court below is affirmed.