SIPES v. SEYMOUR et al.

(Circuit Court of Appeals, Eighth Circuit. August 24, 1896.)

No. 739.

1. TRIAL—DIRECTING VERDICT.
    It is the duty of a trial court to direct a verdict for the defense when the evidence is such that, in the exercise of a sound judicial discretion, it would be compelled to set aside a verdict returned in favor of plaintiff.

2. REVIEW ON APPEAL—BILL OF EXCEPTIONS.
    In order to obtain a review of the action of the lower court in excluding a certain document, it must be embodied in the bill of exceptions.

3. SAME.
    Rule 24 of the circuit court of appeals (11 C. C. A. lxxxviii., 47 Fed. xi., and 12 Sup. Ct. xi.) requires the brief of plaintiff in error to refer to the pages of the record upon which rejected testimony, and the rulings of the court upon it, may be found.

In Error to the Circuit Court of the United States for the District of Colorado.

T. A. Green, for plaintiff in error.

Willard Teller (H. M. Orahood and E. B. Morgan were with him on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.　This writ of error challenges a judgment based upon a peremptory instruction to the jury to return a verdict in favor of the defendants in error. William B. Sipes, the plaintiff in error, brought this action in 1890, in the court below, against J. Fenton Seymour, Ellen R. Seymour, and William G. Pell, the defendants in error, to recover a commission of $600,000 for the sale of the Slide Mine, which was located in Boulder county, Colo. The allegations of his complaint that are now material were that the

defendants in error owned the mine on December 19, 1881; that the defendant J. Fenton Seymour was the authorized agent of Ellen R. Seymour and William G. Pell to negotiate a sale of this property for himself and them; that he concealed the fact that he represented or was the agent for Ellen R. Seymour and William G. Pell, and on December 19, 1881, made a contract with the plaintiff in his own name to the effect that he would pay to the plaintiff, Sipes, a commission of 10 per cent. on the cash that should be received from a sale in London or in Europe of the Slide Mine, and also all certificates of shares of stock that might be received therefor above the amount required to make the net price received by Seymour $225,000; that Seymour had made a sale of the mine for cash and certificates of stock of such an amount that his commissions thereon under this contract were $600,-000. The answer denies that the defendants in error were the owners of the mine in 1881, denies that J. Fenton Seymour was the authorized agent of Ellen R. Seymour and William G. Pell to negotiate a sale thereof, and denies that he ever made any such sale.

It was indispensable to a recovery by the plaintiff in error in this case that he should produce sufficient evidence to warrant a finding by the jury—First, that the defendants in error were the owners of the mine on December 19, 1881; second, that J. Fenton Seymour was authorized to make the contract to pay the commissions on their behalf, which he did make on his own behalf, and that he made that contract for them; and, third, that the sale was made under and pursuant to this contract. A careful examination of all the evidence in this case discloses the fact that there was no evidence in the record upon which a finding of either one of these propositions could be sustained by the court. The direction to the jury to return a verdict for the defendants was therefore right. It is the duty of a trial court to direct a verdict for the defendants when the evidence is such that, in the exercise of a sound judicial discretion, it would be compelled to set aside a verdict returned in favor of the plaintiff. Railway Co. v. Hoedling's Adm'r, 10 U. S. App. 422, 3 C. C. A. 429, and 53 Fed. 61; Gowen v. Harley, 12 U. S. App. 574, 585, 6 C. C. A. 190, 197, and 56 Fed. 973, 980; Railway Co. v. Moseley, 12 U. S. App. 601, 604, 6 C. C. A. 641, 643, and 57 Fed. 921-923; Reynolds v. Railway Co., 16 C. C. A. 435, 437, 438, 69 Fed. 808, 810; Motey v. Granite Co., 20 C. C. A. 366, 74 Fed. 155.

Two classes of errors are assigned on behalf of the plaintiff in error on account of the rejection of offered evidence. One class is based on the rejection of the offer on behalf of the plaintiff to introduce in evidence a bill of complaint in a suit brought by Ellen R. Seymour and William G. Pell against the Slide and Spur Gold Mines, for the purpose of proving thereby that the defendants owned the Slide Mine in 1881, that J. Fenton Seymour acted as their agent from that time forward, and that the sale of the property alleged in the complaint was made by him under the contract pleaded. Unfortunately for the plaintiff in error, he has not embodied in his bill of exceptions this complaint. An examination of the record discloses the fact that his counsel claimed that this bill proved all the allegations of the complaint in this action, and counsel for the defendants

in error insisted as earnestly that it did not tend to sustain any of them. The court below rejected the evidence thus offered. It held that this bill contained no proof material to the issues in this case. This is a court for the correction of the errors of the court below, but those who assail its rulings must present the evidence upon which it acted. In the absence of that evidence, the presumption is that the court below was right. This assignment cannot be sustained. U. S. v. Patrick, 20 C. C. A. 11, 73 Fed. 800, and cases there cited.

The other errors assigned are to the rejection of the depositions and testimony of various witnesses upon the trial. A careful examination of this rejected testimony has convinced us that, if it had all been received, there would have been no evidence in this case that would have warranted the court below in submitting its issues to the jury. It would therefore be useless to consider and review its rulings in detail. Whatever the result of that consideration might be, the judgment below must be affirmed. Error without prejudice is no ground for reversal. U. S. v. Shapleigh, 12 U. S. App. 26, 45, 4 C. C. A. 237, 248, and 54 Fed. 126, 137; Lancaster v. Collins, 115 U. S. 222, 227, 6 Sup. Ct. 33; Deery v. Cray, 5 Wall. 795, 803; Gregg v. Moss, 14 Wall. 564, 569; Lucas v. Brooks, 18 Wall. 436, 454; Allis v. Insurance Co., 97 U. S. 144, 145; Cannon v. Pratt, 99 U. S. 619, 623; Mining Co. v. Taylor, 100 U. S. 37, 42; Hornbuckle v. Stafford, 111 U. S. 389, 394, 4 Sup. Ct. 515.

The record in this case has been carefully read and examined, to the end that no injustice might be done; but the brief of the plaintiff in error fails to refer to the pages of the record where the rejected testimony, and the rulings of the court upon it, may be found, as required by rule 24 of this court (11 C. C. A. lxxxviii., 47 Fed. xi., and 12 Sup. Ct. xi.). City of Lincoln v. Sun Vapor Street Light Co., 19 U. S. App. 431, 8 C. C. A. 253, and 59 Fed. 756.

The judgment below must be affirmed, with costs; and it is so ordered.