NATIONAL MASONIC ACC. ASS'N OF DES MOINES v. SPARKS.

(Circuit Court of Appeals, Eighth Circuit. October 6, 1897.)

No. 859.

1. FEDERAL JURISDICTION—ALLEGATIONS OF CITIZENSHIP—BURDEN OF PROOF.
   Where a plaintiff's pleading, in the federal courts, sets out the necessary diverse citizenship of the parties, the burden of both allegation and proof to the contrary rests upon the party who seeks to defeat the jurisdiction.

2. SAME—EFFECT OF GENERAL DENIAL.
   A general denial, in a federal court, is a plea to the merits, and does not put in issue averments of citizenship, upon which the jurisdiction depends. The matter of jurisdiction is waived unless it is challenged by a special plea.

8. APPEAL AND ERROR—REVIEW—BILL OF EXCEPTIONS.
   To enable the circuit court of appeals to review the action of the circuit court upon the admission or exclusion of evidence, the evidence to which the exception is directed must be incorporated in the bill of exceptions.

4. SAME—HARMLESS ERROR.
   It is not error to exclude, upon a trial, cumulative evidence of a state of facts which is not controverted.

5. SAME—TRIAL TO COURT—SPECIAL FINDINGS.
   In order that the opinion of the court, in a case tried without a jury, may be treated as a special finding of facts, so that assignments of error may be based thereon, its statement of the facts found should not be mingled with the evidence, or with discussions of law or the reasons for the court's conclusions.

6. SAME—ASSIGNMENTS OF ERROR.
   Upon a writ of error the objection that the circuit court made neither general nor special findings of fact cannot be considered, unless raised by the assignment of errors.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Clark Varnum, for plaintiff in error.

Carroll Wright, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This was an action at law brought by Nannie R. Sparks, the defendant in error, against the National Masonic Accident Association of Des Moines, Iowa, the plaintiff in error, in the circuit court of the United States for the Southern district of Iowa, to recover the sum of $5,250, with interest and costs, upon a judgment obtained by her against the association in the circuit court sitting within and for the county of Johnson, in the state of Missouri. The petition filed in the circuit court for the Southern district of Iowa averred, in substance, that the plaintiff was a citizen of the state of Missouri; that the defendant was a citizen of the state of Iowa; that the amount involved in controversy exceeded the sum of $2,000, exclusive of interest and costs; that on the 25th of November, 1893, she recovered a judgment against the defendant in the circuit court within and for the Seventeenth judi⸱ ⸱l district of the state of Missouri, held in the county of Johnson, in said state, in the sum of $5,225, with costs and interest from that date; that the court rendering such judgment was a court of general jurisdiction, and a

83 F.—15

court of record, and that she was the owner and holder of the judgment at the time this action was brought. To this petition the defendant answered:

(1) Admitting that it was a corporation organized under the laws of the state of Iowa; (2) denying each and every other allegation of the petition; (3) as a separate defense, that the defendant never appeared in any suit or proceeding brought against it by the plaintiff in the circuit court of Johnson county, Mo., and denied that it was ever summoned to appear, or was served with process to appear, in such action; (4) for a further and separate defense, "that it is a corporation organized under the laws of the state of Iowa, with its office and place of business at the city of Des Moines, in said state of Iowa, and that it never has had an office in the state of Missouri, nor kept or maintained any agents or officers in said state; that neither the superintendent of the insurance department of the state of Missouri, nor any other person within said state, has ever been appointed by the defendant as a person upon whom service of process might be served upon the defendant within said state of Missouri; that the defendant has never made application to the insurance department of the state of Missouri to be admitted to said state to do business; that said defendant has never been served with process by any of its officers or agents, or any person upon whom service of process could be lawfully made, or who was appointed thereunto, within the said state of Missouri, and that any judgment, if any was obtained by the alleged plaintiff in the said alleged suit or proceeding alleged to have been had in the circuit court of Johnson county, Missouri, was rendered without service of process upon the defendant, or upon any person or persons authorized or empowered to accept such service of process, or have such service of process made upon him or them, for the defendant;" (5) for another defense, "that it never entered any voluntary appearance in the alleged suit or proceeding claimed to have been had in the circuit court of Johnson county, Missouri; that no person that was authorized or empowered to accept service of process for it (the defendant), or to have service of process made upon him or them for the defendant, was ever personally cited to appear in said cause, or personally served with any summons or process in said cause, nor did any such person ever appear for the defendant in said cause or proceeding;" (6) for another defense, "that any alleged judgment pretended to be rendered by the circuit court of Johnson county, in the state of Missouri, against this defendant, in favor of the plaintiff, was obtained through the fraud of the plaintiff, in this: that the said plaintiff, well knowing that each and every of the matters hereinbefore pleaded in this answer were true, and the same being true, and being hereby reaffirmed and reaverred as though pleaded at length herein, said plaintiff did, with the express purpose of preventing the defendant from presenting a defense to such alleged suit, fail, neglect, and refuse to serve or cause to be served upon it (the defendant) any process or summons or citation whatever in the said alleged suit, and fraudulently, and with the intent to defraud this defendant, caused service of a writ of process to be made upon the superintendent of insurance of the state of Missouri, and after having caused and procured such service to be made, and thus preventing the defendant and its agents and officers from having due and legal notice of the commencement of such suit, the plaintiff then and there caused and procured the court pretending to render such judgment to fraudulently and untruthfully recite in the said judgment the false and untrue statement that the defendant was doing an accident life insurance business in the state of Missouri, and the further false and untrue statement that personal service was had upon the defendant in the state of Missouri, and the further false and untrue statement that the superintendent of the insurance department of the state of Missouri was authorized to receive such service of process, all of which acts and things were done by the plaintiff for the express purpose of causing and procuring an apparently valid judgment entry to be made by the said circuit court of Johnson county, Missouri, when in truth and in fact the said court so making such judgment entry was wholly without jurisdiction over said cause, and wholly without jurisdic-

tion over the defendant, and wholly without jurisdiction to render said judgment or make such alleged entry of judgment, and which want of jurisdiction was known to the plaintiff at the time of the causing and procuring such court to make such entry."

By stipulation in writing, signed by the parties and filed in the circuit court, a jury was waived, and the case was tried by the court. The trial resulted in a judgment in favor of the plaintiff for the sum of $6,081.90.    The defendant thereupon sued out this writ of error.

In the brief filed on behalf of the plaintiff in error, it was insisted that, as this was an ordinary civil action, the jurisdiction of the circuit court depended entirely upon the fact that the plaintiff was a citizen of Missouri and the defendant a citizen of Iowa, and that the burden was on the plaintiff to establish that fact by proof.    It is the well-settled rule in the federal courts that where the plaintiff's petition, as in this case, sets out the necessary diverse citizenship of the parties, the burden of both allegation and proof rests upon the party who seeks to defeat it.    In the case of Hartog v. Memory, 116 U. S. 588, 590, 6 Sup. Ct. 521, the supreme court said:

"It was well settled before the act of 1875 that, when the citizenship necessary for the jurisdiction of the courts of the United States appeared on the face of the record, evidence to contradict the record was not admissible, except under a plea in abatement, in the nature of a plea to the jurisdiction, and that a plea to the merits was a waiver of such a plea to the jurisdiction."

And again, in the same case, it is said:

"The parties cannot call on the court to go behind the averments of citizenship in the record, except by a plea to the jurisdiction, or some other appropriate form of proceeding." See, also, Foster v. Railway Co., 56 Fed. 434.

The answer here admits that the defendant is a citizen of Iowa, but "denies each and every other allegation contained in the plaintiff's petition."    A general denial, in this form, is a plea to the merits, and does not raise the question of jurisdiction, if proper averments appear of record to confer it.    The matter of jurisdiction is waived unless it be challenged by a special plea in that behalf.    In Refining Co. v. Wyman, 38 Fed. 574, Judge Hammond said:

"And there is a good reason for it, found in the fact that in a certain, but very particular and somewhat peculiar, sense, the federal courts are tribunals of limited jurisdiction; and the rule that the jurisdiction of all courts of limited powers, in that general sense which is not at all applicable to the federal courts, must exhibit itself, has been applied to them, nevertheless, and their jurisdiction must appear upon the technical record.  So that, if we permit a mere general denial to put in issue these special averments of jurisdiction, along with all other averments, we should have the jurisdictional facts tried and settled without any minute made of that issue upon the technical record, and there would be no showing whether the suit failed for want of jurisdiction in this limited tribunal, or upon other grounds, of a more formidable effect when passed into the general judgment."

The jurisdiction was not challenged by special plea in that behalf in the circuit court, and the case comes within the rule announced in Hartog v. Memory and Foster v. Railway Co., supra.

An examination of the record disposes of the assignment of error based on the exclusion of the record book of the association.    It does not appear from the bill of exceptions that the record book of the association was excluded by the court.    At the trial, counsel for the

plaintiff in error stated to the court that he wished to offer the book for certain purposes, and upon objection being made an opportunity was given to examine the book. The offer was not again renewed, and the court did not rule upon the question of its admissibility.

It is also insisted that the circuit court erred in admitting in evidence what purported to be a transcript of the judgment rendered by the circuit court of Missouri, upon which this suit was brought, for the reasons that the transcript of the record of that judgment was not properly certified; that it disclosed the fact that the judgment was rendered without service of summons upon the association; that the only process which was attempted to be issued or served in that case was issued against, and served upon, the superintendent of the insurance department of the state of Missouri; that the association had never appointed the superintendent of the insurance department of Missouri its agent upon whom service of process might be made, and that therefore the judgment entered in the circuit court of Missouri was invalid. We have examined the record carefully, but have been unable to find any transcript of this judgment in the bill of exceptions. To enable this court to review the action of the circuit court upon the admission or exclusion of evidence, the evidence to which the exception is directed must be incorporated in the bill of exceptions; otherwise the court has no means of forming a judgment in regard to the propriety of the alleged erroneous ruling. Where a similar question was before the court, Judge Sanborn, speaking for the court, said:

"This is a court for the correction of the errors of the court below, but those who assail its rulings must present the evidence upon which it acted. In the absence of that evidence, the presumption is that the court below was right. This assignment cannot be sustained." Sipes v. Seymour, 40 U. S. App. 185, 187, 22 C. C. A. 90, and 76 Fed. 116.

Complaint is also made that the court erred in overruling the objections of the defendant to the testimony of the witnesses J. A. Doverman and R. S. Clark, agents of the association, to the effect that they solicited applications for membership in the association in the state of Missouri in the year 1892, and in refusing, after admitting the evidence above mentioned, to permit these witnesses to testify whether the officers of the association knew that they were in Missouri, or soliciting business there. The defendant had already offered in evidence the deposition of Alfred Wingate, the vice president of the association, who testified, without objection, on cross-examination, that the association received applications for membership solicited by its agents in Missouri, issued certificates upon these applications, appointed collectors, who collected their assessments, and that the agents were not authorized to do business in the state of Missouri. The testimony of Doverman and Clark, therefore, was merely cumulative; and it was not error to receive it, as it could not have prejudiced the defendant's case to allow additional evidence tending to prove a state of facts, the existence of which was not controverted at the trial. Wingate had also testified—and his testimony was not contradicted—that these agents were not authorized to do business in the state of Missouri; hence the refusal to let Doverman and Clark testify to the same fact could not have been prejudicial to the defendant.

Several assignments of error are based on certain statements of fact found in the opinion of the trial court. That this opinion cannot be treated as a special finding of facts, or as an agreed statement of facts, seems to be well settled. Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481; Adkins v. W. & J. Sloane, 19 U. S. App. 573, 8 C. C. A. 656, and 60 Fed. 344; Hinkley v. City of Arkansas City, 32 U. S. App. 640, 16 C. C. A. 395, and 69 Fed. 768; Minchen v. Hart, 36 U. S. App. 534, 18 C. C. A. 570, and 72 Fed. 294. In the case last cited, this court, in speaking of cases tried by the court without the intervention of a jury, said:

"The finding in such cases may be general, like the general verdict of a jury, or it may be special, like the special verdict of a jury. When the finding is special, the facts found should be stated as they would be in a special verdict of a jury. In stating the facts found, no reference whatever should be made to the evidence upon which those facts are found. Neither the evidence nor any discussion of it should be injected into the ultimate finding of facts upon which the court rests its judgment. The special finding of facts should be a clean-cut statement of the ultimate facts, without importing into it the evidence or the reasoning by which the court arrived at its finding."

It is doubtless true, as said by Mr. Justice Brewer in Lehnen v. Dickson, supra:

"That cases may arise in which, without a formal special finding of facts, there is presented a ruling of the court which is distinctly a ruling upon a matter of law, and in no manner a determination of facts, or of inferences from facts, in which this court ought to, and will, review the ruling. Thus, in Insurance Co. v. Tweed, 7 Wall. 44, where, on the argument in this court, counsel agreed that certain recitals of fact made by the trial court in its opinion, or 'reasons for judgment,' as it was called, were the facts in the case, and might be accepted as facts found by the court, it was held that, as they could have made such agreement in the court below, it would be accepted and acted upon here, and the facts thus assented to would be regarded as the facts found or agreed to, upon which the judgment was based."

In the opinion of the court set out in the record here, however, the facts found are so mingled with a statement of the evidence, and a discussion of the law and facts, and the reasons for the court's conclusions thereon, that we cannot accept it as a special finding of facts.

The suggestion of counsel for the plaintiff in error at the argument, and again urged in his brief, that the circuit court made neither general nor special findings of fact, and therefore the judgment must be held to be invalid, is fully answered by the fact that this question is not raised by the assignment of errors. Some other questions are discussed by counsel in their briefs, which, in our judgment, in view of the state of the record before us, do not require special mention. The judgment of the circuit court is affirmed.