### RAGSDALE et al. v. SOUTHERN RY. CO.

(Circuit Court, D. South Carolina. April 8, 1903.)

**1. CUMULATIVE TESTIMONY—DISCRETION AS TO ADMISSION.**

A fact being sufficiently proved in the opinion of the court, it is in its discretion to refuse to allow cumulative testimony.

**2. RAILROADS—FIRES—DIRECTING VERDICT—EVIDENCE.**

Evidence in an action against a railroad for the burning of a building near the track on the ground that the fire was communicated by a locomotive *held* insufficient to sustain a finding that the fire was so set, so that verdict was properly directed for defendant.

G. W. Ragsdale and John T. Seibels, for plaintiffs.
C. P. Sanders, for defendant.

SIMONTON, Circuit Judge. This case comes up upon a motion for a new trial. John K. Ragsdale was the occupant of a building on the track of the Southern Railway. In this building he had a stock of goods, not fully covered by insurance. The building was consumed by fire on the 7th of March, 1902, and its contents were destroyed. The insurance companies had paid their share of the loss, and this action was brought in the name of Mr. Ragsdale and these companies subrogated pro tanto to him to recover damages from the railway company. The ground of the action is that the fire was communicated from one of the trains of the railway company, and the action is based on section 2135, Civil Code of South Carolina. Issue having been joined, the cause was heard before a jury. After the jury was charged, they retired, remained some time in consultation, and could not agree. Coming into court and stating this, they were instructed to find for the defendant. This was the course pursued in W. B. Grimes Company v. Malcolm, and approved by the Circuit Court of Appeals, Eighth Circuit, in 7 C. C. A. 426, 58 Fed. 670.

The motion for the new trial is based on five grounds. The second and third go to errors in the charge to the jury. As the jury were instructed to find their verdict, they could not have been misled by errors in the general charge. Therefore these grounds will not be discussed.

The first ground of exception is that the trial judge should not have sustained, as he did, the objection of defendant's counsel to the introduction of testimony by a number of witnesses other than Hamilton, Hill, and the two Blairs as to additional fires in the vicinity of the station at Blairs shortly prior and subsequent to the fire in question set by defendant's locomotives. One fact which plaintiffs desired to show was that fire could be set, and in fact was set, from defendant's locomotives, on lands adjacent to the track. This testimony was competent, and objections to its introduction were overruled. They then produced four witnesses, each of whom proved that on several occasions, severally testified to by them, combustible material adjacent to the track had been set on fire by fires from the locomotives of this railway. They then offered other witnesses to the same effect. They were not permitted to testify. The fact, in the opinion of the trial judge, had been sufficiently proved, and cumulative testimony to the same point could only occasion a waste of time. This is within the discretion and control of the trial judge. It may be noted, by the way, that under the statute law of South Carolina (section 2860) in a bill of costs there should not be allowed a charge of more than three witnesses to prove one particular matter of fact.

The other grounds go to the propriety of instructing the jury to find for the defendant. The law on this point is settled by numerous decisions of the Supreme Court of the United States. "When the burden of proof is on the plaintiff [as it clearly was in this case], and the only direct testimony is contrary, the judge may properly direct the jury to find for the defendant." Herbert v. Butler, 97 U. S. 319, 24 L. Ed. 958. "It is no error for a judge to direct a jury to find an issue for one of the parties, when, if the jury found otherwise, it would have been his duty to set aside the verdict as unsupported by and in

hostility to the evidence." Randall v. B. & O. R. R. Co., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003; Montclair Tp. v. Dana, 107 U. S. 162, 2 Sup. Ct. 403, 27 L. Ed. 436; Elliott v. Chicago, etc., R. R., 150 U. S. 345, 14 Sup. Ct. 85, 37 L. Ed. 1068; Sipes v. Seymour, 22 C. C. A. 90, 76 Fed. 116; Franklin Brass Co. v. Phœnix Ins. Co., 13 C. C. A. 124, 65 Fed. 773.

To maintain their case, plaintiffs proved that the building which Mr. Ragsdale occupied was built close to and parallel with the track of the defendant, and within 8 or 10 feet of it; that it was of wood, was 60 feet long, and had been built some time before 1883; that previous to the 7th of March there had been no rain; that the wind was not high, and was blowing from the south up the track, whose direction was from north to south; that on that night between 10 and 11 o'clock the building had been destroyed by fire; and that shortly before the fire a train of the defendant's attached to a locomotive had passed the station near which the building was. These are undisputed facts proved. The inference which the plaintiffs sought to draw from these facts is that the fire was communicated from the locomotive. The fire was first discovered on the roof of the building, so, if it was communicated from a locomotive, it must have been by sparks. To sustain this inference it was shown that on several occasions anterior to and subsequent to this fire combustibles on the side of the track had been set on fire by passing locomotives; that on the night in question the train stopped at this station. Many witnesses spoke to this last fact. All but one of them were at the time of the supposed passing of the train either in bed, or in their houses, some distance from the track. These say that they heard the train stop. As they did not see it stop, their conclusion was a matter of opinion. The one witness (a colored man) says that he saw the train stop at the station. Neither he, however, nor any one else, saw any sparks flying at the time, although the night was perfectly clear. One of the witnesses for plaintiff, who was the agent at that station, testified that the through trains never stopped at the station unless under orders to take on or put off a car or to do work; but that on that night no car was put off or taken on, no orders to stop had been given, and no work whatever was done. On the other hand, three witnesses for the defendant—the conductor, engineer, and fireman—all testify that when the train, a through train, was approaching the station, it blew when about a mile off; that the steam was shut off at once, and, as it was on the down-grade, the train ran on by its own momentum, and never stopped; that the fire door was opened, and the draft was stopped, so that no sparks were or could be emitted; and that the spark arrester was in perfect condition. The locomotive was a coal burner. They further say that they had no car to put off, had no orders to stop, had no freight to deliver, and that there was no water tank at that station; that steam was not put on again until they were three-quarters of a mile below the station.

Here we have conjecture, probability, opinion, met by facts. Even if we give to the evidence of plaintiffs the force of presumption, "presumption must give way when in conflict with clear and distinct proof." Fresh v. Gilson, 16 Pet. 331, 10 L. Ed. 982; Lincoln v. French, 105

U. S. 614, 26 L. Ed. 1189. In this condition of things the trial judge conceived it to be his duty, if the jury had found for the plaintiffs, to set the verdict aside for want of sufficient evidence; and, this being so, he directed the verdict. Gunther v. L., L. & Globe Ins. Co., 134 U. S. 110, 10 Sup. Ct. 448, 33 L. Ed. 857; Cahill v. Chicago, etc. R., 20 C. C. A. 184, 74 Fed. 285; Delaware, etc., Rd. v. Converse, 139 U. S. 472, 11 Sup. Ct. 569, 35 L. Ed. 213. In Commissioners v. Clark, 94 U. S. 284, 24 L. Ed. 59, the modern rule is stated to be:

"That before the evidence is left to the jury, there is, or may be, in every case, a preliminary question for the judge; not whether there is literally no evidence, but whether there is any upon which to find a verdict for the party producing it, upon whom the burden of proof is imposed."

Relying upon these authorities, the jury were instructed to find for the defendant.

The motion for a new trial is refused.