## ARMSTRONG v. POLAND.

No. 6161. Opinion Filed March 14, 1916.

Rehearing Denied March 28, 1916.

(156 Pac. 220.)

1. **APPEAL AND ERROR—Review—Nonprejudicial Errors.** The Supreme Court is required by statute to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

2. **SAME—Harmless Error—Instructions.** Although an instruction may contain an improper statement of law, if it is clearly apparent

from the whole record that no prejudice has in fact resulted therefrom, the error will not be considered.

3.    **SAME.** Where no other verdict could have been rightfully rendered, the appellate court will not consider exceptions based on instructions given and refused.

(Syllabus by Robberts, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by R. G. Poland against George W. Armstrong. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. S. Kerr,* for plaintiff in error.

*Cruce & Potter,* for defendant in error.

Opinion by ROBBERTS, C.   This action was brought in the district court of Carter county by R. G. Poland, defendant in error, who will be designated as plaintiff herein, against George W. Armstrong, plaintiff in error, who will be designated as defendant herein, to recover damages alleged to have been sustained by reason of defendant's wrongfully turning upon plaintiff's premises, consisting of 440 acres of land, about 600 head of cattle, which were kept thereon for the space of about two weeks at a time when the land was very wet, moist, and soggy, because of heavy rains just prior to and during the time said cattle were held thereon, and charging that said cattle destroyed the stalkfield on the premises, and tramped and injured the farm, whereby plaintiff was damaged in the amount of $2,200.

The defendant answered:

(a)   By admission of residence of parties as alleged; (b) general denial; (c) alleging that, "if any of defendant's cattle were on the plaintiff's premises, they were there by permission and consent of B. F. Calflin,

A. W. Lail, S. J. Greeson, and W. C. Calflin, who were rightfully in possession of said premises, with full power to sell and rent the pasturage on same, and that said parties did sell and let to this defendant the pasturage of certain stalkfields, as they had a right to do, and, if any of said cattle were on said premises at any time, they were on same with the full consent and at the direction of the parties above named; (d) that, if said cattle ate and destroyed said fields or any of them, the said stalk-fields belonged to said parties above named, who had sold the same to this defendant, and plaintiff has been in no way damaged by the consumption of said stalkfields, if any were, in fact, consumed; (e) that, if any damages of any character were done to the premises set out in the petition herein by said cattle, such damages were the direct result of the selling of said stalkfields by said parties to this defendant with permission to pasture same, and said parties alone are liable to plaintiff, if he has, in fact, suffered any damage; (f) that, if this court should determine that this defendant is liable to plaintiff in any way on account of damages as alleged in plaintiff's petition, then the parties heretofore named would be liable to this defendant for having sold to this defendant said stalkfields and the permission to pasture same claiming, as they did, that they had good right to sell same; (g) defendant further prays that B. F. Calflin, A. W. Lail, S. J. Greeson, and W. C. Calflin be made parties to this action, and that if it should be finally determined that this defendant is indebted to plaintiff in any way that this defendant have judgment for such amount with costs against said parties."

To the answer is attached a verification applicable especially to the facts claiming that the parties named are necessary to a complete and proper determination of the case. This application was denied by the court, and plaintiff replied by general denial.

The case was tried to a jury, resulting in a verdict and judgment for plaintiff for $500. Defendant appeals. For reversal the defendant presents seven specifications of error, which are as follows:

"(1) Because the court erred in overruling the motion to make additional parties defendant.

"(2) Because the court erred in admitting improper and prejudicial evidence over the objection and exception of defendant.

"(3) The court erred in excluding proper and competent evidence offered by defendant, to which rulings defendant excepted.

"(4) The court erred in refusing to give defendant's requested instructions numbered 2, 3, 4, 5, and 6.

"(5) The court erred in giving to the jury instructions 4 and 5, to which action exceptions were taken and allowed.

"(6) The court erred in overruling motion of defendant for a new trial.

"(7) The verdict of the jury and judgment rendered thereon were contrary to law and not supported by the evidence."

The first assignment, that "the court erred in refusing to make additional parties defendant," cannot be sustained. The cases relied upon by counsel are not in point for the reason that in those cases the parties sought to be brought into the case were interested in the subject-matter of the action. Not so in this case. It would have been entirely proper, and perhaps the better practice, to have brought the parties in, and certainly for the best interests of the defendant, but there is no statute requiring the court to comply with the motion. The statute (section 4696, Rev. Laws 1910) is only mandatory where "a deter-

mination of the controversy cannot be had without the presence of the other parties." No such state of facts exists here. It was discretionary with the trial court, and we cannot say that there was an abuse of discretion. The second and third assignments go to the admission and rejection of evidence. We have gone over the particular matters presented under these assignments, and do not believe the court committed such prejudicial error in its rulings as would authorize or justify a reversal of the case thereon. While the hypothetical questions might not have been stated just as the court, or counsel for defendant, might have worded them, we believe the jury fully understood the question at issue and were in no way misled thereby. The rejection of the defendant's check, presumably used in paying the tenants for the use of the land, was not error. The record shows that this land was held by the tenants for ordinary farming purposes, and the admission of the checks taken by them in payment for the letting of the premises to pasture 500 or 600 head of cattle without the consent, or even the knowledge, of the owner, would at least indicate that the court recognized the right of the tenants to so use the land without his consent. We cannot give our approval to such a doctrine. Before the court could rightfully permit the introduction of such defense or theory as that in the case, it should require the defendant to establish by a preponderance of the evidence that the tenants had some authority from the landlord to make such use as that of the premises. We find nothing whatever in the record showing that defendant made even an effort to prove such a state of facts. In truth, the only contracts upon which proof was offered touching that particular matter was to the effect that the tenants were prohibited from pasturing the land with their own

stock except their milk cows and work stock. There is no merit in assignments 2 and 3.

The fourth assignment, that the court erred in refusing to give instructions 2, 3, 4, 5, and 6, cannot be sustained. These rejected instructions all go to the measure of damages. It is tacitly, if not directly, admitted by defendant that 500 or 600 head of cattle were held on plaintiff's land, at a time when the land was extremely wet and soggy, and kept there for two or three weeks, and, as one of the witnesses said:

"I found the land tramped up and holes where the cattle had bogged in there. You couldn't see a vestige of anything. They had cleaned it plum up, and it was just a barren, bogged up field there, torn all to pieces."

Defendant does not claim that he had any authority from the landowner to make such use or misuse of the premises; therefore the only question to be submitted to the jury was as to the extent of the damage sustained by the plaintiff. The jury must have understood that they could not allow the plaintiff for any damage sustained by the tenants; anyway, it is admitted by the pleadings, as well as the evidence, that defendant paid the tenants for their interests in the premises. We may admit that the requested instruction contain a proper statement of the law as to the measure of damages. In fact, we think they do, but, under the circumstances, we feel entirely satisfied that no injustice was done to defendant by their refusal. Under the evidence, we think the defendant has no grounds to complain of the amount of the verdict. As we view the case, a much larger verdict could have been sustained under the evidence as shown by the record.

In *Oklahoma City v. Meyers,* 4 Okla. 686, 46 Pac. 552, it is said:

"The verdict of a jury should not be reversed for [misdirection] in the law, unless it appears that the jury might have been misled thereby."

The rule laid down in *Grimes D. G. Co. v. Malcolm,* 58 Fed. 670, 7 C. C. A. 426, is applicable here, and is as follows:

"Where no other verdict could have been rightfully rendered, the appellate court will not consider exceptions based on instructions given and refused."

From what we have heretofore said it must be apparent that we cannot sustain the fifth, sixth, or seventh assignments. The instructions given by the court to which counsel for defendant take exceptions fairly state the law of the case; at least we are satisfied that the defendant was in no wise prejudiced thereby.

Section 4791, Rev. Laws 1910, is as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In line with this section of the statute this court in *St. L. & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184, says:

"The Supreme Court is required by statute to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

This rule has been cited, and followed, in many decisions by this court.

In *Kuhl v. Supreme Lodge*, 18 Okla. 383, 89 Pac. 1126, the court says:

"Although an instruction may contain an improper statement of law, if it is clearly apparent from the whole record that no prejudice has, in fact, resulted therefrom, the error will not be considered."

From the foregoing it is apparent that the judgment in this case should be affirmed.

By the Court: It is so ordered.