## OUTCAULT ADVERTISING CO. v. UNION STATE BANK.

No. 11447—Opinion Filed Feb. 24, 1925.

Rehearing Denied March 31, 1925.

### Appeal and Error—Harmless Error—Instructions.

In a case tried to a jury, where the verdict is for plaintiff for the full amount established by the competent evidence in the case, and any other verdict would have been contrary to the evidence, erroneous instructions which might ordinarily be considered prejudicial will not cause a reversal of the case on proceedings in error to this court by the plaintiff.

(Syllabus by Logsdon, C.)

Commisisoners' Opinion, Division No. 1.

Error from Superior Court, Pottawatomie County; L. G. Pitman, Judge.

Action by the Outcault Advertising Company against the Union State Bank to recover upon a contract. Judgment for plaintiff for $72.82, and plaintiff brings error. Affirmed.

In 1917 plaintiff and defendant entered into a written contract whereby plaintiff agreed to furnish to defendant for a period of two years, beginning December 1, 1917, certain advertising matter and supplies for which defendant agreed to pay the sum of $291.20 per year, divided into installments as provided in the contract. It appears that the service for the first year was furnished by the plaintiff and accepted by defendant, and payment made therefor except the sum of $72.82, which has never been paid. About

the first of January, 1918, the defendant bank changed hands and a new set of officers was elected. In June of 1918 plaintiff made up the order under its contract for the year beginning December 1, 1918, and so far as the record discloses plaintiff made no inquiry of the defendant prior to preparing this order as to whether there had been a change in the personnel of the officers of the bank since the previous year's supplies had been prepared. These supplies were delivered to the defendant in June, 1918, and were re-used, and this action was commenced in the superior court of Pottawatomie county to recover the balance due under the contract for the first year and for the full amount stipulated in the contract for the second year. The case was tried to the court and jury and resulted in a verdict in favor of the plaintiff for the balance found to be due under the contract for the first year's service, and judgment was rendered accordingly. A.ter unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Chas. E. Wells, for plaintiff in error.

Goode & Dierker, for defendant in error.

Opinion by LOGSDON, C. Plaintiff presents and argues in its brief four propositions for reversal, but in the view taken of the case here they may all be considered under the second proposition, which reads:

"That the court erred in refusing to sustain plaintiff's motion for judgment non obstante and in refusing to render judgment for the plaintiff for the amount sued for."

To support the allegations of its petition plaintiff introduced in evidence the contract between the parties. This contract calls for a long list of supplies consisting of 19 separate and distinct items. The only testimony offered or introduced by the plaintiff for the purpose of sustaining its claim as to the amount due under the contract for the two years' service is the testimony of certain witnesses taken by deposition. None of these witnesses attempted to testify to the things furnished by plaintiff in compliance with said contract. Their testimony is limited to the general statement that the company complied fully with the terms of its contract. The contract having been introduced in evidence, it was a question of fact for the jury to determine whether its terms had been complied with and the jury could not determine this fact intelligently from mere statements of witnesses that the contract had been complied with, because this statement was merely a conclusion of the witness. For instance, the contract calls for 1,000 No. 1 letters and envelopes, 1.000 pass books, 200 extra pass books and jackets. No witness undertook to say that these specific items had been furnished. No witness attempted to say that any other specific item mentioned in the contract had been furnished. In other words, plaintiff asked the jury to accept the conclusions of its own witnesses as to what constituted a compliance with its contract. Neither the court nor the jury was bound to do this. Under the testimony contained in the record the verdict of the jury was the only verdict which could have been rendered based upon competent evidence of supplies furnished and accepted and used by the defendant, and for which a liability existed.

Complaint is made of certain instructions given by the court to the jury. These instructions are numbered 2, 4, and 5. An examination of these instructions discloses that the criticism of plaintiff directed against instruction No. 2 is well founded, but it is not apparent that instructions 4 and 5 are subject to the criticism directed against them. It is well settled by decisions of this court that where the verdict of a jury is the only verdict which could have been rendered under the evidence, and is the only verdict which the court would be justified in permitting to stand, an erroneous instruction, even though ordinarily prejudicial in character, will not work a reversal. Shawnee Nat. Bank v. Wootten & Potts, 24 Okla. 425, 103 Pac. 714; Horton v. Early. 39 Okla. 99, 134 Pac. 436; Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709; Armstrong v. Poland, 56 Okla. 663, 156 Pac. 220; Liverpool & London & Globe Ins. Co. v. McLaughlin, 70 Okla. 237, 174 Pac. 248.

Complaint is also made of certain remarks of the trial judge made in the presence of the jury. Ordinarily this assignment would be sustained for the reason that said remarks were improper and should not have been indulged by the trial judge. But in view of the conclusion reached herein as to the correctness of the verdict returned by the jury under the evidence, it is not considered that such improper remarks constitute reversible error.

For the reason that the verdict and judgment are sustained by the evidence and because the verdict rendered was the only verdict which the evidence authorized, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1041.