(C. D. 2052)

LYONS TRANSPORT *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 8, 1958)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Eugene L. Girden* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and *Richard E. FitzGibbon*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of these protests consists of pieces of marble and pieces of onyx. It was assessed with

duty at the rate of 25 per centum ad valorem under the provisions of paragraph 232 (d) of the Tariff Act of 1930, as modified by the Presidential proclamation reported in T. D. 51802, for—

Marble, breccia, and onyx, wholly or partly manufactured into monuments, benches, vases, and other articles, * * * not specially provided for.

The claim made in each of the protests is for duty at the rate of 7 cents per superficial foot under the provision in paragraph 232 (b) of the same act, as modified by the Presidential proclamations reported in T. D. 52373 and T. D. 52476, for—

Slabs and paving tiles of marble, breccia, or onyx: Containing not less than four superficial inches: * * * [i]f polished in whole or in part (whether or not rubbed): [i]f not more than one inch in thickness * * *.

At the trial of the issue, plaintiff limited its claim to the merchandise the invoice item numbers of which are enumerated in plaintiff's exhibit 1, and which, together with the sizes thereof, are listed in schedule "A," attached to and made a part of our decision herein.

There does not seem to be any question but that all of the pieces of marble or onyx the item numbers of which are enumerated in schedule "A" each contained not less than 4 superficial inches, were not more than 1 inch in thickness, and were polished on one surface and four edges. Three of the items, which will be identified *infra*, had holes drilled in them. All of the items except two, C–510 and 63–C–1064, had two plane surfaces. The last-enumerated items had a top surface that was "graded" or sloped from about the middle of that surface toward one edge.

All of the remaining items enumerated in schedule "A" appear to fit the following description: They are pieces of marble or onyx with two flat, plane surfaces, the top highly polished and the bottom not polished, with at least two parallel edges, and the other edges either parallel with each other or rounded, all edges being as highly polished as the top surface. At the point where each edge meets a top or bottom surface and where each edge meets another edge, the sharp corner has been ground off by a machine, producing what appears to be a slight rounding off or a slight bevel. Plaintiff's witness Henning, the secretary-treasurer of the ultimate consignee, insisted that the result produced was not a bevel, but called it "tak[ing] the sharp edge off" or "rounding," and it appears to be more pronounced on some items than on others.

There seems to be no question but that the pieces are ordered in specific sizes and shapes and that, after importation, they are sold to dealers, wholesalers, jobbers, and manufacturers and are suitable for and are used as imported as paperweights, or with further manufacture as bases for trophies or for pens or pencils. Some of the pieces, but

not all, could be used as wall tiles, according to the witness. The distinction between those which could be so used and those which could not appears to be related to size and the amount of "rounding off" of the edges, those 4 inches by 4 inches and smaller and those having less pronounced "rounding off" (so that the tiles would fit closer together) apparently being so usable.

Plaintiff's contention is that the items of merchandise at bar physically are nothing more than slabs and that their classification as such is controlled by the reasoning of our appellate court in the case of *Mutual Lamp Mfg. Co.* v. *United States*, 21 C. C. P. A. (Customs) 231, T. D. 46762. Defendant's contention is that by reason of the "rounding off" of the sharp edges (or beveling, as denominated by defendant's counsel), the pieces of marble or onyx at bar have been advanced toward their ultimate use beyond the point where they are mere slabs useful for any purpose, citing *Atlas Export Co. et al.* v. *United States*, 43 C. C. P. A. (Customs) 122, C. A. D. 618.

The merchandise the subject of decision in the *Mutual Lamp Mfg. Co.* case, *supra*, consisted of onyx in round and square flat pieces, highly polished on one surface and all edges. In determining the issue there raised, which involved the same provisions of paragraph 232 of the Tariff Act of 1930 as are here involved, our appellate court quoted common dictionary definitions to the effect that a slab was a flat plate, slice, or piece of anything, having its surfaces plane, and pointed out that the articles there involved were in that form. It then went on to say:

> We think Congress intended that slabs of onyx, within the dimensions stated [in paragraph 232 (b), i. e., containing not less than four superficial inches, and of thicknesses of not more than one inch to not more than two inches], should be included in paragraph 232 (b) rather than in paragraph 232 (d) even though a manufacturing effort had been applied to them to the extent of polishing the same on one face, and on the edges, and even though these slabs, in the condition imported, were each intended for use as definite parts of several different articles, and that it did not contemplate that such merchandise as met these requirements should be regarded as articles within the meaning of paragraph 232 (d).

No attempt was made to offer as evidence in the present case the record, or any part of it, in the *Mutual Lamp Mfg. Co.* case, *supra*. However, counsel for the defendant in this case, in the brief filed in its behalf, stated that—

> * * * the edges of the marble slabs [in the *Mutual Lamp Mfg. Co.* case] had not been removed by some sort of abrasive method using an abrasive.

We think, in view of the foregoing statement, even though the exhibits introduced in evidence in the *Mutual Lamp Mfg. Co.* case are not in evidence in the case at bar, that we may properly observe, only for the purpose of clarification, that the edges of both pieces

constituting collective exhibit 1 in that case actually exhibit a rounding, beveling, or taking off of the sharp edges just as do the exhibits in this case representing the merchandise at bar.

In the *Atlas Export Co. et al.* case, cited by counsel for the defendant, it was conceded by the parties that the merchandise involved was substantially similar to that in the *Mutual Lamp Mfg. Co.* case, *supra*, except that a hole had been drilled in the center of each piece involved in the *Atlas Export Co. et al.* case. The drilling of the hole, and that alone, was held by our appellate court to have so changed the character of the pieces of onyx involved that they were no longer to be categorized as "slabs," but properly as partly manufactured articles of onyx. In coming to this conclusion, the court noted, among other things:

> * * * A significant fact to be noted is that the drilling of the hole in these articles is apparently the last manufacturing step that is performed on them. In most of the uses described by the witnesses, the only thing that remains to be done to the articles is an assembling step. * * *

Under the holding in the *Atlas Export Co. et al.* case, it seems clear that such of the pieces here involved which have holes drilled in them are properly dutiable as assessed by the collector as marble or onyx, partly manufactured into articles. According to the record, this situation applies to items No. 63–C–239, C–339, and C–709 and as to these items the protests will be overruled.

Moreover, inasmuch as under the meaning of the term "slab," as defined in the *Mutual Lamp Mfg. Co.* case, *supra*, a slab has its surfaces plane, items No. C–510 and 63–C–1064, identified as having "graded" or sloped surfaces which, of course, are not plane, must be held to be excluded from the provision in paragraph 232 (b) for "slabs."

All of the other merchandise identified by item numbers on exhibit 1, however, in our opinion, is within the meaning of the term "slabs," as delineated by our appellate court in the *Mutual Lamp Mfg. Co.* case.

The testimony in the case at bar indicates that, while some of the pieces may be used in the condition as imported for paperweights, nevertheless, for any other use further manufacturing effort, such as drilling holes, must be performed on the pieces. In our opinion, the use of a slab as a paperweight, whether or not it had rounded edges, would not take it out of the category of a slab. Consequently, in their condition, as imported, the articles are similar in all material respects to the merchandise which was the subject of the *Mutual Lamp Mfg. Co.* case and have not been advanced to the condition of the partly manufactured articles involved in the *Atlas Export Co. et al.* case.

In reaching this conclusion, we realize that although the edges of the pieces involved in the *Mutual Lamp Mfg. Co.* case had actually

been rounded or beveled, that fact was apparently not a factor in the presentation of the issues or in the decision in that case, inasmuch as it is not mentioned in the decisions either in this court or our appellate court. We, therefore, do not take that fact into consideration in our determination herein. However, as an original proposition in this case, we are of the opinion that the mere rounding off of the sharp edges of the involved slabs would not change their character from that of slabs to anything else, and, although the uses to which they might be applied may have been somewhat restricted by reason of such rounding off, they certainly acquired no *new* name, character, or use different from those possessed by slabs.

On the record presented, the claim in each of the protests for duty at the rate of 7 cents per superficial foot under paragraph 232 (b), as modified, is sustained only as to the items enumerated in schedule "A," attached hereto and made a part hereof, except as to items No. 63–C–239, C–339, C–709, C–510, and 63–C–1064. As to the last-enumerated items, and as to all merchandise the item numbers of which are not listed in schedule "A," the protests are overruled.

Judgment will issue accordingly.