(C.D. 2147)

THE A. W. FENTON CO., INC. *v.* UNITED STATES

## United States Customs Court, First Division

(Decided January 28, 1960)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Paul J. Gavin* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The protests enumerated in the attached schedule of protests were consolidated for trial together. They have been limited to the merchandise described on the invoices as wainscotting, worked marble, marble slabs, polished slabs, rear wall, marble background, or polished marble slabs, with or without other words of description.

The merchandise so described was assessed with duty at the rate of 25 per centum ad valorem under the provisions of paragraph 232(d) of the Tariff Act of 1930, as modified by T.D. 51802, reading as follows:

> Marble, breccia, and onyx, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value, not specially provided for.

The protest claim is for duty assessment under the provisions of paragraph 232(b) of the said act, as modified by T.D. 52373, supplemented by T.D. 52476, reading as follows:

> Slabs and paving tiles of marble, breccia, or onyx: Containing not less than four superficial inches:
>
> \*  \*  \*  \*  \*  \*  \*
>
> If polished in whole or in part (whether or not rubbed):
> If not more than one inch in
> thickness_____ 7¢ per superficial ft.
> If more than one inch and not more than one and one-
> half inches in thickness_____ 8¢ per superficial ft.

At the trial of the issue, it was stipulated that the merchandise involved consists of marble, and there does not seem to be any question but that each of the many pieces of marble of which each importation was composed was polished in whole or in part and contained not less than 4 superficial inches, and that the pieces were of two thicknesses, some being 1 inch and the remainder being between 1 and 1½ inches in thickness.

The facts with respect to the nature and character of the marble involved, as shown by the evidence offered by the plaintiff, are as follows:

It appears that, before any marble was ordered, the ultimate consignee, a firm which does marble, wood, stained glass, and ornamental iron and bronze work, had an order for the construction or erection of a particular appurtenance or structure, such as a wall, wainscotting, toilet stall, etc. Blueprints or architectural drawings were furnished the said consignee calling for specific sizes of pieces of marble which were to be used in the said walls, etc.

In essence, the walls, etc., were to be composed of numbers of flat pieces of marble in rectangular or square shape. In actual use, after importation, some of the pieces had to be cut to fit because of variations or irregularities in the buildings in which they were to be used, and to fit around corners and doors. It was required, after importation, to drill holes in all of the pieces to receive the hardware used for fastening the pieces together or to the walls.

Some of the pieces were numbered to indicate the order in which they were cut from the block, so as to match the color and markings of the pieces when later used, and some were numbered to conform to numbers on the blueprints or drawings.

It is clear from the record, however, that what was actually ordered and what was actually received by the ultimate consignee were given numbers of rectangular or square flat pieces of marble of specific dimensions of length, width, and thickness, and that the pieces were, in their imported condition, usable for any purpose for which marble of that description could be used. The record establishes that marble of rectangular or square shape is "always usable for any other place marble can be used."

It appears that in every shipment an excess to the extent of approximately 10 per centum of the pieces required for the intended purpose was ordered and received to take care of breakage, matching colors and markings on the job, and to build up an inventory of pieces for repair or other work.

Counsel for the plaintiff moved, under rule 20 of this court, to incorporate, as part of the record in this case, the record in the case of *United States* v. *General Shipping & Trading Co., Felix Lorenzoni*, 44 C.C.P.A. (Customs) 168, C.A.D. 656. The grounds of the said motion are stated in the record to be—

\* \* \* that the evidence in this case shows that the merchandise and the facts, and of course the issues are exactly the same, or certainly the same in all material respects \* \* \*.

The motion was vigorously opposed by trial counsel for the defendant, whose objection was stated as follows:

The Government objects to the incorporation on the grounds that each one of these cases stands on its own bottom, and is a question of fact. There are certain legal principles which were enunciated in that particular case—I know that, and they were squared with the facts in that case. We have an importation here of a number of articles, to which the witness has testified to, and we believe that the facts are somewhat different in this case than they were in that case, and we don't want to be bound by the factual record made in that case. We are, of course, we know we are bound by the legal decision insofar as when you come to decide this case, the court may say that certain facts are the same. We believe we have a different record here, and we don't want this case decided in the light of the evidence in that case.

We are of the opinion that the objection is well taken and should be sustained. What is sought to be incorporated is' the record evidence, i.e., the evidentiary facts, which were offered in the trial of another case involving a shipment of marble other than those in the cases at bar. Ordinarily, those evidentiary facts could tend to prove nothing with respect to the shipments in the cases at bar, unless there was agreement or proof that the merchandise or the facts were the same in the two cases.

Counsel for the plaintiff asserts that "the evidence in this case shows that the merchandise and the facts, and of course the issues are exactly the same, or certainly the same in all material respects" in the two cases. Assuming that to be so, then it would follow that at the most the evidence contained in the record in the cited case could only be cumulative or repetitive of the evidence given in the case at bar.

If the facts in the case at bar had not been so thoroughly presented and so well established, there might be some reason for admitting further evidence, even though cumulative, but we are satisfied that the record in the cited case could not supply any evidence that the record in the present case lacks, and further evidence would be of no assistance in arriving at a conclusion as to the ultimate facts in the case at bar. *Ragsdale* v. *Southern Ry. Co.*, 121 Fed. 924. See, also, cases annotated in 21 A.L.R. 335, 349.

The ultimate facts, the conclusions which the court may draw from the evidentiary facts, may be the same in both cases, but the ultimate facts appear, not in the record made at the time of trial, but in the opinion of the court, which is not part of the record evidence.

In the exercise of a reasonable discretion, the motion to incorporate the record is denied, exception being granted to the plaintiff.

At the close of the testimonial evidence, both parties requested and were granted time for the filing of briefs. Counsel for the plaintiff has filed a brief in its behalf, but, in lieu of a brief, counsel for the defendant filed a notice reading as follows:

PLEASE TAKE NOTICE that upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case.

Rule 33 of this court, as in force and effect at the times here pertinent provided, in part, as follows:

In every contested case a brief shall be filed by each of the parties within the time respectively allowed therefor by the court, *unless specially excused therefrom by the court.* * * *

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Failure to file any of the briefs provided for by this rule shall not be deemed to be a waiver on the part of the supporting party, or a withdrawal of the opposition by the opposing party, but the court may, upon its own motion or on the motion of a party, take such action in the premises, including the striking or granting of the motion, or, in cases submitted for decision, the rendering of judgment or other relief in the case without further briefs or hearing, or the entry of a rule to file supporting or opposing briefs, as it may in its discretion determine. [Italics added.]

Counsel for the defendant has made no motion to be excused from the filing of the brief on its behalf. It is quite probable, from the language used in the quoted notice, that counsel is convinced of the correctness of the plaintiff's claim, for the words "upon consideration of the record made and the brief filed by counsel for the plaintiff" are tantamount to an admission that counsel believes that the record contains sufficient evidence to support a judgment in plaintiff's favor and that the authorities cited by the plaintiff in its brief are applicable on the question of law involved.

We are of the opinion, on the record before us, that the pieces of marble at bar are slabs within the meaning of the term, as used in paragraph 232(b), *supra.* They are nothing more than flat plates, slices, or pieces of marble having both surfaces plane. See the definitions cited by our appellate court in *Mutual Lamp Mfg. Co.* v. *United States,* 21 C.C.P.A. (Customs) 231, 235, T.D. 46762, and the decisions of this court in *Lyons Transport* v. *United States,* 41 Cust. Ct. 278, C.D. 2052, and *Quality Marble & Granite Co.* and *Arthur J. Fritz & Co. et al.* v. *United States,* 43 Cust. Ct. 136, C.D. 2127, the first two cases being cited in the brief filed on behalf of the plaintiff.

They are most aptly described by the conclusion stated by our appellate court in the case of *United States* v. *General Shipping & Trading Co., Felix Lorenzoni, supra* (also cited in the brief filed on behalf of the plaintiff), as follows:

We are of the opinion that the merchandise, as imported, was merely marble slabs which, although ordered in particular sizes with a particular purpose in view, were still adapted for general use as slabs.

For the reasons hereinabove stated, the claim in each of the protests for duty under paragraph 232(b), as modified, *supra,* is sustained only as to the merchandise to which the protests have been limited. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will issue accordingly.