# L. A. Clingan, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*what laws govern contract of shipment.* A contract of shipment is to be governed by the laws of the state where it was executed.

2. PLEADING—*when replication should be verified.* If a plea sets up the execution of a contract and a replication denies the execution of such contract the same should be verified.

3. PLEADING—*when replication insufficient.* A replication which seeks to avoid a special plea without first confessing it is bad and a demurrer thereto should be sustained.

Appeal from the Circuit Court of Vermilion county; the HON. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, GILLESPIE & FITZGERALD and REARICK & MEEKS, of counsel.

CUNDIFF & MARTIN and CLARK & HUTTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant, in Vermilion county, for the loss of a racing mare shipped by one Lou Greene from Indianapolis, Indiana, to Danville, Illinois. The mare was owned by plaintiff. The trial below resulted in a verdict and judgment against defendant for $980.50, from which it prosecutes this appeal.

Plaintiff charges in his declaration a delivery of the horse to defendant as a common carrier at Indianapolis, Indiana, for shipment to Danville, Illinois, that during the transportation of the animal, by reason of alleged negligence on the part of defendant in violent jolting, jarring, and moving of the train in which the mare was being shipped, the mare received injuries from which she died about six days after having been taken from the car at Danville, Illinois. The mare was shipped in the name of Lou Greene as shipper; the plaintiff in this action was unknown to defendant in this transaction; the bill of lading was signed by Mar-

tin Keller, by his mark, as shipper's agent. To the de-claration charging negligence of the defendant, defendant filed a plea of general issue, with two special pleas; to these special pleas a demurrer was sustained. Defendant amended the two special pleas and as amended they set forth the rules and regulations of the Inter-state Commerce Act, requiring the filing of a schedule of rate of shipment, together with a classification thereof, in the office of the agent of the defendant company at Indianapolis, from which point shipment was made; also alleges the execution of a contract by the shipper and sets forth the contract signed by Martin Keller as shipper's agent, by his mark, Martin Keller being unable to write his name. The first special plea then set forth that, under the terms of the contract for the shipment of this mare, a special and reduced rate had been given to the shipper and that the contract was signed by the shipper's agent. The plea also alleg-ed and the contract provided that any claim for dam-ages should be made in writing, verified by affidavits, and filed in the office of the defendant company at Cin-cinnati, Ohio, within five days after the removal of the mare from the car, and alleged that this was not done by plaintiff. The plea further alleges that under and by virtue of the laws of the State of Indiana a common carrier has a right to limit its liability as was alleged to have been done by this contract, and that under the laws of Indiana where a contract is signed by a shipper or by the agent of the shipper, that the presumption of law in that state is that the agent has full and complete authority to sign the contract for the shipment and that with such authority the shipper is bound by the contract as executed by his agent; also that under the laws of the state of Indiana the provision of the contract that claim for damages should be made within five days after the animal was removed from the car was a valid provision of the contract and enforceable under the

laws of that state. The second special plea alleges that the contract liability upon the part of defendant was limited to $100. The plea further sets forth the conditions of the Interstate Commerce Act, that the defendant was a common carrier, that the rate granted to the shipper, Lou Greene, was a rate granted in consideration of the limitation of the liability of defendant under the contract, that the contract was entered into in the state of Indiana under the laws of that state, that it was a valid contract, setting forth and pleading the laws of that state in relation thereto. Plaintiff joined issue on the plea of general issue and to the two special pleas filed several replications, to all of which replications defendant demurred; the demurrer was overruled, and defendant elected to abide by its demurrer. The pleas set forth the execution of the contract in the state of Indiana and pleaded the law of that state. If the contract was so executed it must be governed by the laws of Indiana. The replications filed did not attempt to answer these pleas. The first replication filed undertakes to avoid the contract by alleging that it was not executed by plaintiff and was not caused to be executed by him. As to this replication, the cause of demurrer assigned is that the plea sets forth a contract made and executed by the shipper of this animal and under which transportation of the mare was undertaken by defendant. The contract is set out in full in the plea which further alleges that under section 53, chapter 110, Hurd's Revised Statutes, in order to deny the execution of this contract or to deny that it was authorized by him, it was necessary that the replication be verified. This cause of demurrer was well taken; the demurrer should have been sustained by reason of the failure to verify this replication, as required by said section 53, chapter 110, Hurd's Revised Statutes. The second special replication to the pleas undertakes to avoid the plea without confessing the same, by alleging that the

contract was against the public policy of the state of Illinois, and that by reason of the distance of the city of Cincinnati from the city of Danville it was impossible to file a claim for damages as required by the contract; this replication does not answer the special plea, does not attempt to, and was bad for this reason, and the demurrer should have been sustained. The next replication filed to these pleas merely sets forth that Martin Keller, the man who signed as the agent of Lou Greene, was illiterate and could not read and did not know the contents. This does not attempt in any manner to answer either of these pleas or to confess or avoid them. This replication was also bad and the demurrer should have been sustained. It is unnecessary in the condition of this record for this court to pass upon any other question raised.

For the error of the court in overruling the demurrer to the replications, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*