### L. A. Clingan, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

1. CARRIERS, § 30*—*Carmack amendment to Interstate Commerce Act as affecting liability of carriers in interstate shipments.* Under the Carmack Amendment to Interstate Commerce Act it became the duty of interstate carriers to fix, publish and file with the Interstate Commerce Commission all rates for interstate shipment, and it would seem that it was the manifest intention of congress to take possession of the subject of liability of a carrier under contracts of interstate shipments and to supersede all State regulations in reference to that subject.

2. CARRIERS, § 158*—*contract limiting liability as affected by the Carmack Amendment to Interstate Commerce Act.* Under the provisions of the Carmack Amendment of the Interstate Commerce Act the limited liability contract agreeing to a valuation of the property in transportation is valid, and the shipper is conclusively presumed to know the terms of the bill of lading and the published rate filed with the Interstate Commerce Commission.

3. CARRIERS, § 239*—*when limitation of liability in contract for interstate shipment of live stock governs.* In an action against a railroad company to recover for the loss of a race horse shipped over defendant's road from a point in another State to a point in this State under a contract of shipment limiting defendant's liability to one hundred dollars, *held* that a judgment in favor of

plaintiff for one thousand two hundred dollars could not be sustained for such amount, and judgment was affirmed in the sum of one hundred dollars on condition of remittitur.

4. CARRIERS, § 241*—*when indorsement on receipted freight bill extends time for filing claim for loss.* Where a contract for shipment of live stock provides that notice of loss shall be filed with railroad's claim agent within five days after removal of stock from the car, and was signed by the shipper's agent, who could neither read nor write, and the shipper had no knowledge of such limitation until after he had received the property and paid the freight bill, *held* that an indorsement by the company's agent on the receipted freight bill delivered to shipper, granting four months within which to file claim extended the time within which to file claim.

5. CARRIERS, § 31*—*when extension of time for filing claim for loss not a violation of Interstate Commerce rules.* The power of a railroad company to extend the time of presenting claim for loss by making an indorsement on a receipted freight bill delivered to shipper, *held* not a violation of the Interstate Commerce Commission rules and regulations.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Affirmed if remittitur filed; otherwise reversed and remanded. Opinion filed October 16, 1913.

GEORGE B. GILLESPIE, for appellant; R. J. CAREY and REARICK & MEEKS, of counsel.

CLARK & HUTTON and WILLIAM L. CUNDIFF, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action brought by the appellee against the appellant in the Circuit Court of Vermilion county, to recover for loss of a race horse shipped over appellant's road from Indianapolis, Indiana, to Danville, Illinois.

'This cause was before this court at a former term, where a full statement of the cause will be found (*Clingan v. Cleveland C., C. & St. L. Ry. Co.*, 163 Ill. App. 568.)

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

The facts disclosed by this record are, in all substantial respects, the same as those stated in said former opinion, save and except the pleadings in this case are made to conform to the view of the court as announced in the opinion filed on the former appeal.

A trial was had before the court and a jury and verdict and judgment in the sum of one thousand two hundred dollars and costs were rendered, and the record is again before us for review by an appeal perfected by the appellant Company.

Since the rendition of the former opinion by this court, the Federal Courts have passed upon and construed what is known as the Carmack Amendment to the Interstate Commerce Act. *Chicago & A. Ry. Co. v. Kirby,* 225 U. S. 155; *Chicago, St. P., M. & O. Ry. Co. v. Latta,* 226 U. S. 519.

Under the said act it became the duty of interstate carriers to fix, publish and file with the Interstate Commerce Commission all rates for interstate shipments, and it would seem from the authorities above cited that it was the manifest intent of Congress to take possession of the subject of liability of a carrier under contracts of interstate shipment, and to supersede all State regulations in reference to that subject; that under the provisions of the Federal law the limited liability contract agreeing to a valuation of the property in transportation is valid and that the shipper is conclusively presumed to know the terms of the bill of lading and the published rate filed with the Interstate Commerce Commission.

The contract in question, entered into between the appellee and appellant, provided for the shipment of one race horse from Indianapolis, Indiana, to Danville, Illinois, and limits the liability of appellant to one hundred dollars. It would seem, therefore, that recovery cannot be had, under this contract, for more than the liability stated therein.

A further objection is made to the judgment of the

lower court that the terms of the contract provided that notice of loss should be filed with the claim agent of appellant at Cincinnati, Ohio, by the shipper within five days after the stock was removed from the car. This section of the contract reads as follows: "That no claim for damages which may accrue to the said shipper under this contract, shall be allowed or paid by the said carrier or sued for in any court by the shipper, unless a claim shall be made in writing, verified by an affidavit of the said shipper or his agent, and delivered to the freight claim agent of the said carrier at his office in the city of Cincinnati, Ohio, within five days from the time said stock is removed from said car or cars, and that if any loss or damage occur upon the line of a connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner and delivered in like time to some officer or agent of the carrier on whose line or lines the injury occurred."

It further appeared from the evidence in this case that the contract of shipment was made and the bill of lading was signed by the mark of an agent of the appellee who could neither read or write, and that the appellee did not sign the contract, and had no knowledge of the provision as to the time of filing claim for loss or damage, until after he had received his property at Danville and paid the freight bill. The agent of the appellant who received the payment of the freight bill indorsed, at the foot of the receipt given to appellee, the following: "Claim for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin, within four months after delivery of the property; or in case of failure to make delivery, then within four months after reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

We are inclined to the opinion that the extension granted to appellee to file his claim for damage under

the limitation attached to the bottom of the receipted freight bill and signed by appellant's agent, granting four months time in which to so file, was binding upon appellant. This power to extend the time of presenting a claim for damage is not a violation of the Interstate Commerce Commission rules and regulations, and, therefore, we conclude that appellant is bound by said extension.

From the record we find the freight receipt was signed September 13, 1909, and that a demand was filed with the agent of the appellant at Danville, Illinois, for damages to his horse, on the 20th day of September, 1909, and that this suit was begun long before the expiration of the four months period. We think the demand was sufficient and that appellee has a right of recovery under the contract, in the sum of one hundred dollars. The circumstances under which the property was injured and the evidence as to the value of the property was abundant to warrant the court in rendering judgment for a much larger sum, aside from the liability limitation clause in the contract.

The judgment will be affirmed in the sum of one hundred dollars at the cost of appellee on condition the appellee will remit his judgment to that sum within ten days, otherwise the judgment will be reversed and the cause remanded.

*Affirmed if remittitur filed; otherwise reversed and remanded.*