# CHICAGO, ST. PAUL, MINNEAPOLIS AND OMAHA RAILWAY COMPANY *v.* LATTA.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 231. Argued March 8, 11, 1912; reargued October 22, 23, 1912.— Decided January 6, 1913.

Decided on authority of *Adams Express Company* v. *Croninger, ante,* p. 491, and *C., B. & Q. Ry.* v. *Miller, ante,* p. 513.
172 Fed. Rep. 850, reversed.

THE facts, which involve the validity under the Carmack Amendment of schedules of tariff rates based upon values, and the extent of the liability of carriers under bills of lading, are stated in the opinion.

*Mr. James B. Sheean* for petitioner.

*Mr. H. C. Brome* for respondent.

MR. JUSTICE LURTON delivered the opinion of the court.

This was an action to recover the full value of two horses lost in the course of interstate transportation.

The defense in substance was that the plaintiff had declared the value of each of the animals to not exceed one hundred dollars, and had signed a shipping contract wherein he agreed that that was the value and that the company's liability in case of loss or damage should not exceed the agreed value. It was also shown that the schedule of tariff rates was based upon values and that a higher rate was allowable if a higher value had been declared. It was claimed that a limitation of liability made

for the purpose of obtaining the lower of alternative rates was admissible under the provisions of § 20 of the Interstate Commerce Act of June 29, 1906, 34 Stat. 584, c. 3591.

The Circuit Court instructed a verdict for the agreed value, ruling that the contract was valid and was controlled by the Interstate Commerce Acts. The Circuit Court of Appeals reversed this judgment, upon the ground that the contract was invalid under the constitution of the State of Nebraska, and held the plaintiff entitled to recover the full value of the animals. 172 Fed. Rep. 850. The case was remanded to the Circuit Court, where, in pursuance of the judgment and opinion of the Circuit Court of Appeals, the jury was instructed that it should find the actual value of the animals lost and return a verdict for that amount. Upon a second writ of error this judgment was affirmed by the Circuit Court of Appeals, and the cause has come to this court upon a writ of certiorari.

The case is governed by the cases of *Adams Express Company* v. *Croninger,* and *C., B. & Q. Ry.* v. *Miller,* both just decided.

*Judgment reversed and the case is remanded for a new trial.*