## Cincinnati, New Orleans and Texas Pacific Railway Company v. Dodd.

(Decided May 22, 1913.)

### Appeal from Jessamine Circuit Court.

1. Carriers—Contract of Shipment—Recovery—Interstate Commerce Act—Carmack Amendment.—Under the Carmack Amendment to the Interstate Commerce act a shipper cannot recover more than the value of the thing shipped where the rate is based upon the valuation expressed in the bill of lading; and the carrier's liability is limited to such value by the contract, although he did not read the contract and nothing was said to him about the value of the animals.

2. Carriers—Laws.—The Federal statute supersedes the state laws governing the subject.

N. L. BRONAUGH, JOHN GALVIN for appellant.

JOHN H. WELCH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

R. A. Dodd on February 20, 1911, shipped 22 horses and 4 mules from Nicholasville, Kentucky to Kosciusko, Mississippi, the Cincinnati, New Orleans and Texas Pacific Railway Company giving a through bill of lading for the stock. When the car reached Kosciusko, one of the horses was missing and several of the others were bruised and injured. One had a bruised place about the eye; another an ugly cut on the head; another had his tail chewed off; one was injured in the forelegs, and several were more or less bruised about the hocks. Dodd brought this suit against the railroad company to recover damages in the sum of $410 for the horse that was lost and the injury to the others. A verdict and judgment having been rendered in his favor for the amount claimed, the railroad company appeals.

The proof for the plaintiff as to the missing horse is that it was worth $200. The proof for the defendant is that when the car reached Somerset this horse was down in the car. The train men got it up. At the next stop it was still up but when they stopped again, the horse was down and dead. They went on to the next junction point which was thirty-five miles further on, and when they reached there, the dead horse was taken out of the car. It was then badly swollen, and the proof is that a horse that dies of colic will swell up quickly, but that a horse which dies of injuries will not swell in so short a time. The proof for the defendant is that there were no signs of external injury on the horse when taken out of the car, and that the other stock were then in good condition. The bill of lading provides:

"The published freight rates on live stock of said carrier are in all cases based on the following maximum valuations which are as high as the profit in the freight rates will admit of the carrier assuming responsibility for: * * * horses or mules not exceeding $75, * * * that the tariff regulations of said carrier provide that for every increase of 100 per cent or fraction thereof in the above valuation there shall be an increase of 50 per cent in the freight rate, and that the said shipper in order to avail himself of said published freight rates, agrees that the said carrier shall not in any case for loss or damages to said live stock, be liable for any sum in excess of the actual value of said stock at the place and date of shipment, nor for any amount in excess of the value stated above, which are hereby agreed to be not less than the just and true values of the animals, unless an additional amount is herein stated and paid for."

The contract and shipment were made under the Carmack Amendment to the Interstate Commerce Act, Rule 295 of the Interstate Commerce Commission, is as follows:

"Carriers may lawfully establish schedules of charges applicable to the specific commodities created reasonably according to value. When such rates are published shippers are entitled to the rate corresponding to the actual value of the property offered them for transportation. Shippers are not entitled under such rates to exceed the actual value of shipment for the purpose of obtaining the rate applicable upon articles of less value. The valuation stated to carriers should correspond with the actual values as shown by invoices, etc. Shippers misstating the value of property for the purpose of obtaining the rate applicable to property of less value are guilty of misbilling and are subject to prosecution under section 10 of the act to regulate commerce."

The purpose of the regulations of the Interstate Commerce Commission is to secure equality between shippers and to this end rates are established by it graduated according to the value of the goods thus shipped. In Adams Express Company v. Croninger, 226 U. S., 491, Chicago, etc. R. R. Co. v. Miller, 226, U. S. 513 and Chicago, etc., R. R. Co. v. Latta, 226 U. S., 519, it is held by the United States Supreme Court that the act of Congress supersedes state laws and that under it it is not material that no inquiry was made as to the actual value of the animals where the bill of lading which was accepted shows that the charge was based upon a certain valuation; that the knowledge of the shipper that the rate was based upon the value, is to be presumed from the terms of the bill of lading and the published schedule filed with the commission. The plaintiff in this case testified that he did not read the receipt, and that nothing was said about the value of the animals when they were shipped, but this, under the rulings of the United States Supreme Court, is immaterial. It is the duty of the shipper to inform himself, and when he accepts the lower rate, he takes the benefit with the burden. (See Cinti. Etc. R. R. Co. v. Rankin, 153 Ky. 730). The circuit court erred in instructing the jury that they should find for the plaintiff for the horse that was missing its value not exceeding $200. Appellees rely on several decisions of this court but they are based upon the laws of the State, and arose before the passage of the Carmack Amendment, under which as held by the United

States Supreme Court, the State laws are superseded. We see no other error in the proceeding, and as a new trial must be awarded, it is unnecessary for us to pass on the question whether the verdict is against the evidence.

Judgment reversed and cause remanded for a new trial.