CORNELIUS DORR, JR., Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Railroads — negligence — injury to passenger by reason of sudden application of emergency brake by engineer to prevent running over person attempting to cross tracks — effect of failure of fireman to notify engineer that person was approaching tracks in time to stop train without shock.

1. Plaintiff, while a passenger on a train of the defendant, was injured by reason of the sudden application of the emergency brake by the engineer. The brake was applied to avoid striking a man who was attempting to cross the tracks at a highway crossing, but who was nevertheless struck by the train and killed. The fireman saw the man an eighth of a mile distant approaching the track, apparently oblivious of the presence of any train thereon, but allowed the train to run 500 feet further before he gave any cautionary warning to the engineer, who applied the brake as soon as he heard the cry of the fireman, and brought his engine to a stop within 150 or 160 feet. *Held*, that the facts warrant the inference that prompt action on the part of the fireman, such as the situation called for, would have resulted in checking the onward movement of the train without any such shock as actually occurred, and that plaintiff was entitled to have the jury pass upon the question whether the defendant exercised due care toward him as a passenger.

2. While an engineer is not bound to stop his train the moment he sees a person upon the track, but may assume at least in the first instance that he will leave the track in time to escape injury, the statement is not correct in respect to a person who is manifestly unconsciously moving into danger.

*Dorr* v. *Lehigh Valley R. R. Co.*, 152 App. Div. 342, affirmed.

(Argued March 17, 1914; decided June 2, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 9, 1912, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

24

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. H. Letchworth* and *James McCormick Mitchell* for appellant. There is no evidence of negligence in plaintiff's case. The facts to which plaintiff testifies do not give rise to any presumption of fault on defendant's part. There is proof that the train came to a sudden stop with a violent jolt, but there is no proof of any accident and, therefore, no basis for the application of the rule of *res ipsa loquitur.* (Moore on Carriers, 74; *Griffen* v. *Manice,* 166 N. Y. 188; *Benedict* v. *Potts,* 88 Md. 52; *Robinson* v. *Cons. Gas Co.,* 194 N. Y. 37; *Nelson* v. *Lehigh V. R. R. Co.,* 25 App. Div. 535; *Needham* v. *Interborough R. T. Co.,* 48 Misc. Rep. 522; *Ayers* v. *R. Ry. Co.,* 156 N. Y. 104.) The material facts in this case are entirely undisputed. No possible construction of these facts can justify the inference of negligence upon the part of the defendant. (*Cleveland* v. *N. J. Steamboat Co.,* 68 N. Y. 306; *Conway* v. *B. H. R. R. Co.,* 82 App. Div. 516; *Endres* v. *International Ry. Co.,* 129 App. Div. 785; *Deyo* v. *N. Y. C. R. R. Co.,* 34 N. Y. 11; *Dougan* v. *Champlain Trans. Co.,* 56 N. Y. 1; *Loftus* v. *Union Ferry Boat Co.,* 84 N. Y. 455; *Cleveland* v. *N. J. Steamboat Co.,* 125 N. Y. 299; *Ayers* v. *Rochester R. Co.,* 156 N. Y. 104; *McDonnell* v. *N. Y. C. & H. R. R. R. Co.,* 35 App. Div. 147; *Kelly* v. *M. St. Ry. Co.,* 89 App. Div. 159; *McDonough* v. *Third Ave. R. R. Co.,* 95 App. Div. 311; *Ganguzza* v. *Anchor Line,* 97 App. Div. 352.) A trainman may properly and lawfully presume that a pedestrian approaching the tracks on a highway will heed the signals of the train's approach and stop before he gets into a situation of danger. (*Chrystal* v. *T. & B. R. R. Co.,* 105 N. Y. 164; *O'Brien* v. *Erie R. R. Co.,* 210 N. Y. 96; *Brown* v. *N. Y. C. R. R. Co.,* 34 N. Y. 404; *Beisiegel* v. *N. Y. C. R. R. Co.,* 40 N. Y. 9.)

*Thomas Woods* for respondent.  There was evidence in the case from which the jury could properly find the defendant guilty of negligence, causing the injuries to the plaintiff.  (*Utess* v. *Erie R. R. Co.*, 204 N. Y. 324; *Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408; *Brown* v. *N. Y. C. R. R. Co.*, 34 N. Y. 404; *Zimmer* v. *Third Ave. R. R. Co.*, 36 App. Div. 265; *Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 378; *Coddington* v. *Brooklyn Crosstown R. R. Co.*, 102 N. Y. 66; *Levine* v. *Brooklyn, Queens Co. & Sub. R. R. Co.*, 134 App. Div. 606; *Palmer* v. *D. & H. R. R. Co.*, 120 N. Y. 170; *Keegan* v. *Third Ave. R. R. Co.*, 34 App. Div. 297; 165 N. Y. 622; *Loudon* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380.)

Willard Bartlett, Ch. J.  This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.  The plaintiff, while a passenger on a train of the defendant, was severely injured in the knee by reason of the sudden application of the emergency brake by the engineer.  The shock threw the plaintiff against the seat in front of him with great violence.  The brake was applied as the train approached a highway crossing at grade, to avoid striking an old man who was attempting to cross the tracks at that point, but who was nevertheless struck by the train and killed.  If the use of the brake for this purpose involved no negligence on the part of the persons operating the train, at or about the time of the accident, of course the defendant could not be held liable for the injuries inflicted upon the plaintiff by the violent stop, — as, for example, if in order to avert destructive collision with a sudden landslide immediately in front of the locomotive the engineer had been compelled to check the movement of the train at all hazards.  In the present case, however, the contention of the plaintiff is that the use of the emergency brake as it was used only became imperative because of the pre-

vious negligence of the engineer or fireman or both in failing seasonably to observe the approach of the old man who was killed, so that the train might have been stopped and his life saved without having recourse to such violent means of stopping it.

The accident occurred at Preston Hill crossing on the defendant's line between Camden and Canastota, about a quarter of a mile south of Camden. There were no gates at the crossing nor was any flagman stationed there. The engine whistle was sounded about half way between Camden station and the crossing; the evidence is conflicting as to whether or not the engine bell was rung. Whatever signals were given it is tolerably certain that they were not observed by an old man named Durr, who was seen by the fireman to be moving slowly toward the tracks as the train approached the crossing. He attracted the attention of the fireman by the slowness of his gait. " He was pushing a lawn-mower in front of him," says the fireman, " and was going very slowly, with a rake or something on his shoulder." Still further on in his testimony the fireman tells us: " He appeared to be old and feeble. I watched him. I did not see him look up. I can't say that I saw him indicate in any way that he realized the approach of our train. I said nothing to the engineer then. We both approached this crossing, he coming slowly and we continuing at our same speed." The witness had previously said that the train was not then traveling more than ten miles an hour. As it neared the crossing the fireman perceiving that the old man was going right on, shouted to the engineer to stop. The engineer up to this time had not seen Durr at all. The warning came too late. The emergency brake was then promptly and vigorously applied, but not in time to save the old man's life.

As has already been suggested, the defendant was not responsible for the resulting injury to the plaintiff, whose knee was badly hurt by impact with the seat in front of

him, unless there was some negligence leading up to the
use of the brake in this manner.   We think that the jury
might readily find such negligence in the delay of the
fireman to warn the engineer that there was a man
in danger ahead.   The fireman said he saw Durr when he
was an eighth of a mile distant.   Durr was then between
the tracks of the Rome, Watertown and Ogdensburg rail-
road (which ran parallel with those of the Lehigh at this
point) and the tracks of the defendant.   He was approach-
ing the latter, apparently oblivious of the presence of any
train thereon; yet the fireman allowed the train to run
at least 500 feet further before he gave any cautionary
warning to the engineer, who testifies that he applied
the brake as soon as he heard the cry of the fireman, and
it brought his engine to a stop within three car lengths —
150 or 160 feet.  These facts certainly warrant the infer-
ence that prompt action on the part of the fireman, such
as the situation obviously called for, would have resulted
in checking the onward movement of the train without
any such shock as actually occurred and perhaps in time
to have saved the old man's life.

Upon the evidence in this record it might well be
inferred that the old man's death was due in part to his
own carelessness; but his contributory negligence would
not affect the plaintiff's right of action as a passenger to
recover on account of the defendant's negligence so far as
it resulted in injury to him.   Nor is it necessary to invoke
the rule which requires a common carrier to exercise the
highest degree of care in the conveyance of passengers to
support a recovery by the plaintiff in this case; ordinary
care demands that the railroad operatives managing the
locomotive drawing a passenger train shall instantly do
everything in their power to avoid running down a per-
son in obvious peril upon the track ahead.

It is argued that negligence cannot be predicated of the
fireman's omission to notify the engineer of Durr's pres-
ence near the track sooner than he did because it has been

held that an engineer is not bound to stop his train the moment he sees a person upon the track but may assume at least in the first instance that he will leave the track in time to escape injury. (Citing *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96.) That statement, however, is not correct in respect to a person who is manifestly unconsciously moving into greater danger by every step he takes.

We agree with the Appellate Division that the plaintiff was entitled to have the jury pass upon the question whether the defendant exercised due care toward him as a passenger on the occasion of this accident. The order of reversal should, therefore, be affirmed, with costs in all courts, and there should be judgment absolute against the appellant upon its stipulation.

HISCOCK, CHASE, CUDDEBACK, MILLER and CARDOZO, JJ., concur.

Ordered accordingly.