## ST. LOUIS & S. F. R. CO. v. WYNN.

No. 5487.    Opinion Filed December 21, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1156.)

1.  **COURTS—Jurisdiction of County Court—Amount Involved.** The jurisdiction of the county court must be determined by the amount sued for, exclusive of interest.

2.  **COMMERCE — Interstate Shipments — Contract Limitation of Liability.** In an action in damages upon a contract for an interstate shipment of live stock, section 9, article 23 of the Constitution of this state has no field of operation.

3.  **CARRIERS—Interstate Shipment of Live Stock—Contract Limitation of Liability—Validity.** A provision in a contract of an instate shipment of live stock, which provides that, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by the contract, the shipper will give notice in writing of the claim therefor, to such agents of the carrier as may be named in the contract, before such stock is removed from place of destination and before such stock mingles with other stock, such notice to be served within one day after the delivery of such stock at destination, is valid.

(Syllabus, by Collier. C.)

*Error from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Action by W. T. Wynn against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*B. M. Parmenter,* for defendant in error.

Opinion by COLLIER, C.   This is an action brought by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, to recover

in the county court of Comanche county the sum of $983.83, and interest, as damages under a contract of an interstate shipment of live stock. Said contract of shipment provides:

"13. As a condition precedent to recovery of damages for any death, loss, injury or delay of the live stock, the shipper shall give notice in writing, of his claim, to some general officer of the company. or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be promptly and fully investigated and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury or delay."

Defendant demurred to the jurisdiction of said county court, upon the ground that the amount sued for, with interest at 7 per cent., was in excess of the jurisdiction of said court, which demurrer was overruled and exception duly saved.

The evidence shows, and it is admitted in brief of plaintiff, that as to one of said shipments embraced in this action, no written notice was given as provided by said section 13 of the contract of shipment above quoted. There was evidence as to the damages sustained by plaintiff by reason of the improper handling of said live stock while in transit, which, under the view we take of the case, we deem unnecessary to recite.

Upon conclusion of the evidence, the court, among others, gave the following instruction to the jury, which was duly excepted to:

"No. 7. The court further instructs you that one of the defenses interposed by the defendant to each of plaintiff's several causes of action is a special contract

with plaintiff attempting to limit plaintiff's right to a cause of action for damages depending upon notice in writing of his claim to some general officer of the company or the nearest station agent or agent at destination and within one day after its delivery at destination. Said special contract is designated as section 13, set out in the contracts under the several causes of action in plaintiff's petition. The court instructs you that section 9 of article 23 of the Constitution of Oklahoma is as follows: "'Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void.' And in this connection the court further instructs you that section 13 of the contracts set out in plaintiff's several causes of action, and relied upon as a third defense to plaintiff's several causes of action by the defendant, is prohibited by said section 9 of article 23 of the Constitution of Oklahoma, and constitutes no defense to plaintiff's several causes of action; and although the jury may find from the evidence in this case that this condition of the contract has not been complied with by the plaintiff in this case, such finding would not operate to defeat plaintiff's several causes of action."

The jury found for plaintiff in the sum of $618.80. Within the proper time, motion for new trial was filed, overruled, and judgment entered on the verdict, to which defendant duly excepted. To reverse said judgment this appeal is prosecuted.

We are satisfied the attack of defendant upon the jurisdiction of said county court is without force, as the jurisdiction of the county courts is limited to $1,000, exclusive of interest, and the amount sued for, exclusive of interest, was less than $1,000.

The case of *St. Paul Fire & M. Ins. Co. v. Peck*, 40 Okla. 396, 139 Pac. 117, relied upon by defendant in sup-

port of its contention of want of jurisdiction of said county court, is not in point, and in no wise tends to support the theory advanced by defendant as to want of jurisdiction, because that case was in the district court, and the law fixing the amount as to the jurisdiction of district courts was not, as in the law fixing the jurisdiction of county courts, exclusive of interest. It follows that the court did not commit error in overruling said demurrer to the jurisdiction of the court.

This action being based upon a contract of interstate shipment, section 9, art. 23, Const., which provides:

"Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void"

—is without force, being abrogated under the Carmack Amendment of June 29, 1906 (34 Stat. 593, c. 3591, sec. 7, pars. 11, 12 [U. S. Comp. Stat. 1913, sec. 8592]).

In *St. Louis & S. F. R. Co. v. Zickafoose*, 39 Okla. 302, 139 Pac. 406, it is held:

"Under the federal law, which is controlling upon the court in determining questions of liability properly arising out of interstate shipments, a provision in a live stock contract or bill of lading to the effect that, as a condition precedent to a recovery for any damages for delay, loss, or injury to live stock covered by the contract, the shipper will give notice in writing of the claim therefor to some general officer, or the nearest station agent, or to the agent at destination, or some general officer of the delivering line, before said stock is removed from the point of shipment or the place of destination, and before such stock is mingled with other stock, such notice to be served within one day after the delivery of

such stock at destination, was valid. *St. Louis & S. F. R. Co. v. Ladd*, 33 Okla. 160, 124 Pac. 461."

There can be no question that the giving of said instruction was reversible error.

This cause should be reversed and remanded.

By the Court: It is so ordered.