## MISSOURI, K. & T. R. CO. v. LYNN.

No. 7682.—Opinion Filed Dec. 5, 1916.

(161 Pac. 1058.)

### 1. Carriers — Carriage of Passengers — Actions—Parties.

W. made an interstate shipment of livestock by defendant's line of railway, as a common carrier, with L. as caretaker of said stock, under a written contract by the provisions of which W. agreed to indemnify and hold harmless the said carrier for any damages it might be required to pay to any person accompanying said live stock. L. while acting as caretaker, sustained injury, and sued the carrier for damages. Held, that W. is not a necessary party to the action, and that it was not error for the court to deny the motion of defendant to make W. a party.

### 2. Same—"Passengers"—Who Are.

A person riding in the caboose of a freight train as a caretaker of live stock carried in such train is a "passenger," and it is the duty of the defendant railroad company to exercise toward him the highest reasonable and practicable skill, care, and diligence.

### 3. Same—Risk Assumed.

A passenger on a freight train assumes the ordinary risks of injury from jerks, jars and jolts incident to the movement of such trains, and, in order to warrant a recovery for an injury sustained from a jolt or jar, must show that such jolt or jar was unusual, extraordinary, or unnecessary.

### 4. Same—Notice of Injury—Contract.

Where an action is brought to recover damages for personal injury sustained by a caretaker of an interstate shipment of live stock under a written contract containing the provision that as a condition precedent to recovery of damages for personal injuries sustained by such caretaker. notice in writing of the claim for damages on account of such injury must be given the carrier within 30 days of the date of the injury; such provision being reasonable and valid, the failure to give such notice is a complete bar to such action.

### 5. Same—Waiver of Conditions.

The provision of said contract requiring notice is a condition precedent to the maintenance of such action, and must be substantially complied with by such caretaker before he can maintain a cause of action against the carrier, and the carrier cannot waive nor ignore such terms of the contract, since to do so would violate the federal act regulating interstate commerce, and permit discrimination by the carrier.

(Syllabus by Edwards, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by Patrick Lynn against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

Clifford L. Jackson, W. R. Allen, and M. D. Green, for plaintiff in error.

Leahy & MacDonald, for defendant in error.

Opinion by EDWARDS, C. For convenience and brevity the parties will be referred to as plaintiff and defendant, according to their position in the lower court. The plaintiff, Patrick Lynn, instituted this suit in the district court of Osage county against the defendant, Missouri, Kansas & Texas Railway Company, to recover damages for personal injuries sustained by plaintiff while a passenger on defendant's freight train as caretaker in charge of eight cars of cattle shipped by C. T. and J. E. White, from a point in Oklahoma to the National Stockyards at East St. Louis, Ill. The injuries complained of are alleged to have been caused by a sudden stop of said train in the defendant's yards at Ellis, Mo., by which plaintiff was thrown against the side and floor of the caboose, thereby breaking two of his ribs and injuring his back, from which injury it is alleged he suffered great physical pain and mental anguish, and will continue to so suffer, and whereby his earning capacity has been permanently impaired and he has been rendered unable to perform manual labor. The defendant by way of answer, among other things, alleges that the shipment of cattle was under a special contract, which is attached to the answer as exhibit A. Which contract provides for two rates applicable to such shipments. the lesser of which applied to the shipment under which the live stock moved. and that under said rate defendant's liability is limited as provided in said contract; that the plaintiff is bound by all the terms and conditions of said contract and is barred from maintaining this action; that by the terms of said contract it is provided that the party in charge of said shipment would be carried only on the train drawing said cars, in accordance with the rules on back of said contract, a failure to observe which would be an absolute bar to any right to recover damages for any injuries resulting from failure to observe the same. and every one who should receive any injuries by reason of the negligence of the carrier should have no right of action therefor unless notice in writing of the claim for damages on account of such injury be given to some local agent of the carrier or the general manager at St. Louis within 30 days of the date of the injury, such notice to contain a statement of.

certain facts set out in the contract. The defendant further specifically pleads section 5 of said contract, requiring notice in writing of any injury sustained by any person in charge of said live stock within 30 days, and alleges that no notice was ever given as required in said paragraphs. Further answering, the defendant alleges that the shippers, C. T. and J. E. White, by the terms of said contract agreed to hold the carrier harmless from all claims of injuries to persons accompanying said live stock. Defendant prays that said shippers be made parties defendant, and that if any judgment be rendered in favor of the plaintiff, it have judgment over against the said shippers for the amount thereof, with costs and expenses. The plaintiff, among other things, by way of reply, alleges that plaintiff upon his arrival at St. Louis presented his drover's contract to the validating agent to have issued to him a ticket for his return transportation; that said agent at the time informed plaintiff that the general claim agent of defendant company desired to see him at the general office at St. Louis and arrange a settlement for plaintiff's injuries; that plaintiff went to the office of the general claim agent at St. Louis, and said claim agent offered to settle with plaintiff for the damages sustained and plaintiff informed the agent at the time the full facts concerning his injuries, and stated to said agent that he did not know the extent of his injuries nor the character of the same, and that it was impossible for him to tell the company whether the injuries were permanent, and informed the company at the time that if the injuries were permanent, it would have to stand responsible for damages to him; that said officer did not demand that he make out or reduce to writing said statement and made no objection to the form of the claim made by plaintiff; that on his return to Oklahoma about two days thereafter the son of plaintiff saw one of the claim agents of the defendant and spoke to him of the injury of plaintiff, and the agent at the time agreed to call upon plaintiff and take a statement, but did not do so. That plaintiff thereafter wrote to said claim agent at Oklahoma City, and was by him directed to see a physician at Bigheart, Okla., and thereafter plaintiff wrote to the general claim agent at St. Louis and made a claim for damages, but received no reply thereto; that since the day of the injury the defendant had full notice and actual knowledge of all the facts and circumstances connected with and concerning such injury of plaintiff, and at all times assented to the verbal statement instead of the written statement, and by reason thereof waived the terms of the contract. Plaintiff further alleges that said contract is unreasonable, in that it was impossible for the plaintiff, within 30 days after said injury, to ascertain or discover the full extent thereof and whether or not it was permanent. The case was tried to a jury, and judgment rendered in favor of plaintiff in the sum of $2,000, from which judgment the defendant in due time appealed to this court. The defendant argues several propositions as grounds for reversal of the judgment rendered, which will be considered in the order presented.

The first assignment is based upon the following clause in the live stock contract:

"* * * The shipper * .* * will hold the carrier harmless from any and all claims for injuries to persons accompanying said live stock, as aforesaid, resulting from carrier's or employe's negligence, or otherwise, and will indemnify it, for any damages it may be required to pay by reason thereof. * * *"

And it is contended that under sections 4690 and 4691, Revised Laws of 1910, the shippers should have been made parties to the action. Those sections provide that any one having an interest in the subject of an action may be made a party, and that any person may be made a defendant who has or claims any interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination of the question involved. It is also insisted that under the law of indemnity (article 10, ch. 12. Revised Laws of 1910), the plaintiff was entitled to have the shippers made parties defendant. There is authority which would seem to have warranted the trial court in making the shippers parties to the action. Boyer v. Lucas & St. L, etc., R. Co. (Tex. Civ. App.) 72 S. W. 1038; Houston, etc., R. Co. v. Douglas (Tex. Civ. App.) 120 S. W. 1048. It, however, can hardly be said that one who indemnifies another against claims for injury and damages has such an interest in a suit for damages in actions for tort as will require the indemnifier to be made a party to the action. Under the second subdivision of section 1080, Revised Laws of 1910, there could be no recovery by the indemnified without payment by him. The general rule is stated as follows:

"The right to sue for indemnity for damages resulting from the neglect, misfeasance, or malfeasance of defendant does not accrue until payment has been made by plaintiff." 22 Cyc. 98 (D).

This court, in the case of Armstrong v. Poland, 56 Okla. 663, 156 Pac. 220, says:

"The first assignment, that 'the court

erred in refusing to make additional parties defendant,' cannot be sustained. The cases relied upon by counsel are not in point, for the reason that in those cases the parties sought to be brought into the case were interested in the subject-matter of the action. Not so in this case. It would have been entirely proper, and perhaps the better practice, to have brought the parties in, and certainly for the best interests of the defendant, but there is no statute requiring the court to comply with the motion. The statute (section 4696, Rev. Laws 1910) is only mandatory where 'a determination of the controversy cannot be had without the presence of the other parties.' No such state of facts exist here. It was discretionary with the trial court, and we cannot say that there was an abuse of discretion."

We, therefore, hold that the shippers were not necessary parties, and the denial of the motion is not reversible error.

Upon the second assignment it is contended that the stopping of the train at the time plaintiff alleges he was injured was made in the usual and customary manner for a train of the length and character of the one in question; that a short stop was necessary, owing to difficulty in opening a switch; that such stop was one that might be expected to occur in the handling of this class of traffic, and was not a thing that could be avoided; and that there was no negligence on the part of the defendant in so handling its train, and no liability arose in favor of the plaintiff. The courts recognize that persons traveling upon freight trains must bear the inconveniences and risks arising from the ordinary operation of such trains; that bumping, jolting, lurching, and jerking is necessary and usual in the handling of freight trains, and it is only where the injury is caused by an extraordinary or unusual jar, jolt, or lurch, due to negligence in the handling of the train that a carrier is liable. Hedrick v. Mo. Pac. R. Co., 195 Mo. 104, 93 S. W. 268, 6 Ann. Cas. 793; St. L., etc., R. Co. v. Gosnell, 23 Okla. 588, 101 Pac. 1126, 22 L. R. A. (N. S.) 892; St. L. etc., R. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169. If there is evidence of an unusual or extraordinary jar, jerk, or lurch causing the injury of plaintiff, an inference of a breach of duty arises which places the burden upon the defendant to show that the injury was the result of an accident or some unforeseen condition, which the exercise of due skill, foresight, or diligence could not have prevented. 4 R. C. L. sec. 634, p. 1213; 5 R. C. L. sec. 715, p. 80; Dorr v. Lehigh Valley R. Co., 211 N. Y. 369, 105 N. E. 652; L. R. A. 1915D, 368, Ann. Cas. 1915C, 763; McGregor v. Great Northern R. Co., 31 N. D. 471, 154 N. W. 261; St. L. & S. F. R. Co. v. Fitts, 40 Okla.

685, 140 Pac. 144, L. R. A. 1916C, 348; Ramsey v. McKay, 44 Okla. 744, 146 Pac. 210.

Without setting out the evidence and the circumstances under which plaintiff sustained the injury complained of, we hold that the evidence clearly establishes that an unusual and extraordinary jar or jolt was given the caboose in which plaintiff was riding, caused by the sudden stop of the engine, brought about by the inability of the brakeman to promptly unlock the switch. The jury was properly instructed on this point.

The third assignment argued by the plaintiff is in these words:

"The provisions of the shipping contract were valid and reasonable; defendant did not, and could not, waive the provision for written notice, and plaintiff, having failed to give such notice, cannot recover."

And the clause of the contract here under consideration, section 7, is as follows:

"7. The shipper or party or parties in charge of said cars will only be carried on the train drawing said cars, in accordance with the rules on the back hereof, and the failure to observe such regulations shall be an absolute bar to any right to recover damage for any injuries or deaths resulting from such failure to observe the same. And he and they and each and every one of them, who shall receive any injuries by reason of the negligence of the carrier, or otherwise, shall have no right of action therefore, unless notice in writing of the claims for damages on account of such injury be given the nearest, or any other convenient local agent of the carrier or the general manager of said railway company at St. Louis. Mo., within 30 days of the date of the injury. Such notice must state the time, place and particulars of the injury and the nature and the extent of the damages, and no other or further damages can be recovered than those set forth in this notice."

This contract being for an interstate shipment, the question involved is governed exclusively by the federal law. C., R. I. & P. R. Co. v. Hardwick, etc., 226 U. S. 426, 33 Sup. Ct. 174, 57 L. Ed. 284, 46 L. R. A. (N. S.) 203; Gulf, Colo. & Santa Fe v. Hefley & Lewis, 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910; Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

In the Hardwick Case, supra, Mr. Justice White said:

"As legislation concerning the delivery of cars for the carriage of interstate traffic was clearly a matter of interstate commerce regulation, even if such subject was embraced within that class of powers concerning which the state has a right to exert its authority in the absence of legislation by Congress, it must follow, in consequence of the action

of Congress to which we have referred, that the power of the state over the subject-matter ceased to exist from the moment that Congress exercises its paramount and all-embracing authority over the subject. We say this because the elementary and long-settled doctrine is that there can be no divided authority over interstate commerce and that the regulations of Congress on that subject are supreme."

In the Hefley & Lewis Case, supra, it is said:

"It is unnecessary to pursue this discussion further. The state statute and the national law operate upon the same subject-matter, and prescribe different rules concerning it. The national law is unquestionably one within the competency of Congress to enact under the power given to regulate commerce between the states. The state statute must therefore give way."

And in the Croninger Case, supra, it is held:

"To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading and the liability thereby assumed are covered in full; and, though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject."

This court, in the case of St. Louis & S. F. R. Co. v. Wynn, 54 Okla. 482, 153 Pac. 1156, held:

"This action, being based upon a contract of interstate shipment, section 9, art. 23, of the Constitution, which provides: 'Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void'— is without force, being abrogated under the Carmack Amendment of June 29, 1906 (34 Stat. 593, ch. 3591, sec. 7; pars. 11 12, U. S. Comp. Stat. 1913, sec. 8592)."

See, also, C., R. I. & P. R. Co. v. Gray et al., 65 Oklahoma, 165 Pac. 157.

The stipulation in the contract requiring a notice in writing of the injury to be given within 30 days is reasonable, and the burden is upon the plaintiff to show a compliance with the contract in this regard. Failing to do so, his right of action is barred. St. L. & S. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; C., R. I. & P. R. Co. v. Conway, 34 Okla.

356, 125 Pac. 1110; C., R. I. & P. R. Co. v. Craig, 59 Okla. 18, 157 Pac. 87; St. L. & S. F. R. Co. v. Ladd, 33 Okla. 160, 124 Pac. 461; M., K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; K. C. South. R. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683.

It has frequently been held, and is now settled law that the common-law liability of a carrier in cases similar to the case at bar may be limited by contract entered into in consideration of a reduced rate of freight. Chicago, etc., R. Co. v. Miller, 226 U. S. 513, 33 Sup. Ct. 155, 57 L. Ed. 323; Chicago, etc., R. Co. v. Latta, 226 U. S. 519, 33 Sup. Ct. 155, 57 L. Ed. 328; Kansas City Southern R. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; Missouri, K. & T. R. Co. v. Harriman Bros., 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Chicago, etc., R. Co. v. Cramer, 232 U. S. 490, 34 Sup. Ct. 383, 58 L. Ed. 697; Great Northern R. Co. v. O'Connor, 232 U. S. 508, 34 Sup. Ct. 380, 58 L. Ed. 703; Atchison, etc., R. Co. v. Robinson, 233 U. S. 173, 34 Sup. Ct. 556, 58 L. Ed. 901; Pierce Co. v. Wells Fargo & Co., 236 U. S. 278, 35 Sup. Ct. 351, 59 L. Ed. 576. See, also, the decisions of this court in St. Louis, etc., R. Co. v. Zickafoose, supra; Chicago, etc., R. Co. v. Bruce, 50 Okla, 667, 150 Pac. 880; St. Louis, etc., R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055; St. Louis, etc., R. Co. v. Wynn, 54 Okla. 482, 153 Pac. 1156.

This shipment is governed by the Carmack Amendment to the Hepburn Act, and one of the principal purposes of this act is to require uniformity in the application of interstate commerce laws; and, if it should be held that the carrier may waive or ignore this condition of the contract or not as it may elect, the way for discrimination is open and legally sanctioned. In the case of Phillips Co. v. Grand Trunk W. R. Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774, the court says:

"The obligation of the carrier to adhere to the legal rate, to refund only what is permitted by law, and to treat all shippers alike would have made it illegal for the carriers, either by silence or by express waiver, to preserve to the Phillips Company a right of action which the statute required should be asserted within a fixed period. To have one period of limitation where the complaint is filed before the Commission and the varying periods of limitation of the different states where a suit was brought in a court of competent jurisdiction, or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others, would be to prefer some and discriminate against others, in violation of the terms of the commerce act, which for-

bids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate, not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier. The railroad company, therefore, was bound to claim the benefit of the statute here, and could do so here by general demurrer. For when it appeared that the complaint had not been filed within the time required by the statute, it was evident, as matter of law, that the plaintiff had no cause of action. The carrier not being liable to the plaintiff for overcharges collected more than four years prior to the bringing of this suit, it was proper to dismiss the action."

See, also, Sullivan v. Mercantile Town Mutual Ins. Co., 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761; G. F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948.

We, therefore, conclude that the carrier may not waive the condition of the contract, requiring the giving of notice as contained in paragraph 7, and, since the notice required by the contract in question was not given, such provision being reasonable and valid, the failure to give same is a complete bar to the action of the plaintiff.

The judgment of the lower court is therefore reversed.

By the Court: It is so ordered.