STROMMER, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(161 N. W. 346.)

(File No. 3881.  Opinion filed February 16, 1917.)

1. **Carriers—Interstate Shipment of Goods—Claims for Loss, Etc., Requirement of at Shipping or Destination Point—Validity.**

    Under contract between shipper and railroad carrier of an interstate shipment, carrier had a right to contract that claims for loss, damages, or delay must be made in writing to carrier, at point of delivery, or at the point of origin, within four months after delivery, or, in case of failure to deliver, within four months after reasonable time for delivery had elapsed, and that unless claims were so made, carrier should not be liable.

2. **Same—Shipment of Goods—Claims for Loss, Etc., Filing at Other Than Shipping or Destination Point, Futility of—Contract.**

    Under a shipping contract, requiring shipper to file claim for loss, etc., at point of delivery or at point of origin, **held,** that the filing of a claim with carrier's agent at another station than at one of said points, is not in compliance with such contract.

3. **Same—Station Agent's Authority, re Business at Other Station.**

    A railroad station agent, at one station, has no authority to bind the railroad on account of business to be transacted at another station, unless especially authorized so to do, or unless his act was thereafter ratified by the company.

Appeal from Circuit Court, Ziebach County.  Hon. RAYMOND L. DILLMAN, Judge.

Action by Andrew Strommer, against Chicago, Milwaukee & St. Paul Railway Company, for damages for negligently destroying, and for losing, certain goods shipped by plaintiff. From a judgment for plaintiff, and from an order denying a new trial,

defendant appeals.    Judgment and order reversed, and cause remanded.

*William G. Porter, Ed L. Grantham,* and *L. W. Henderson,* for Appellant.

*Frank Gladstone,* for Respondent.

(1)    To point one of the opinion appellant cited:    M. K. & T. Ry. Co. v. Harriman 227 U. S. 657.

(2.)    To point two of the opinion, respondent cited:    Sama v. C. M. & St. Paul Ry. Co., (Minn. 1915) 151, N. W. Rep. 406; Laws 1911, Chap. 209.

(3.)    To point three of the opinion, appellant cited:    Mc-Manus v. C. & G. W. R. Co. (Ia.) 136 N. W. 769.

McCOY, J.    This is an appeal from a judgment in favor of plaintiff and against the defendant, and from an order denying appellant's motion for new trial.    The cause originated in justice court.    There are three causes of action alleged in plaintiff's complaint:    (1) That the defendant, a public service railway corporation, as a common carrier, negligently destroyed and lost certain personal property consisting of a box of fruit, three sacks, and 200 pounds of oats of the value of $7.88, owned by plaintiff and delivered into the possession of defendant, on the 30th day of August, 1912, to be shipped and transported as freight from Wegdahl, Minn., to Red Elm, S. D.    (2) That on or about the 15th day of March, 1913, plaintiff, at Wegdahl, Minn., being the owner of a car of emigrant movables containing live stock, delivered the same to defendant for immediate shipment to Red Elm, S. D., prepaying the freight thereon, consigned to himself and accompanied by him; that through the negligence and carelessness of defendant, the said shipment and delivery of said car was delayed and held in transit an unreasonable length of time, and did not reach its destination until eleven days after its receipt, by reason of which plaintiff was damaged in the sum of $25.    (3) that the said claims mentioned in the first and second causes of action were not adjusted or paid within the time limit of three months provided by law, and that plaintiff is entitled to a reasonable attorney's fee of $50, and 10 per cent. damages upon the said sums specified.    Defendant answered, denying the allegations of said complaint, except as otherwise admitted.    Defendant also in-

terposed the answer and alleged as a defense that on or about the 30th day of August, 1912, the plaintiff entered into a contract with defendant for the shipment of certain freight alleged in the complaint from Wegdahl, Minn., to Red Elm, S. D., which contract provided in substance that any claim for injury or damage or loss of said freight should be made in writing within four months after such damage or injury, and within four months after a reasonable time in which to make delivery, and that by the terms of said contract the defendant should not be liable unless such claim in writing be so presented; that plaintiff wholly failed to present any claim in writing until the 10th day of October, 1913, and that by the terms of said contract defendant is not liable to plaintiff upon said shipment. A like defense was also interposed to the second alleged cause of action. The defendant now urges the insufficiency of the evidence to sustain a verdict. The contract in question under which the shipments were made contained the following provision:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

The evidence in this case shows that plaintiff first filed a written claim with the defendant's agent at Dupree, S. D., on October 10, 1913; that plaintiff had some conversation in relation to the first shipment with the agent of defendant at Wegdahl, and at the request of the agent at Wegdahl plaintiff wrote to the defendant's agent at Faith, S. D. There is no testimony that plaintiff ever mailed a letter or claim to defendant's agent at Faith, or elsewhere, or otherwise delivered such letter or claim. There is no testimony that plaintiff ever in any manner made any written or other presentation of claims to agents of defendant at Wegdahl or Red Elm.

[1-3.] We are of the view that this was a contract which the parties had the right to make in relation to interstate shipments; that the filing of a claim with an agent at another station than at the point of origin or destination is not in compliance with the contract; that an agent at one station has no authority to bind

the company on account of business to be transacted at another station, unless specifically authorized so to do, or unless the act of such agent shall thereafter have been ratified by the company. M. K. & T. Ry. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; McManus v. C. G. W. Ry., 156 Iowa, 359, 136 N. W. 769; M., K. & T. Ry. v. Lynn, 161 Pac. 1058. We are of the opinion that there was no evidence offered on the part of plaintiff sufficient to sustain the verdict in this case.

The judgment and order appealed from are reversed, and the cause remanded for further procedure consistent with this opinion.