## MAYO v. WICKETT et al.

No. 19568.  Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

J. C. Cornett, for plaintiff in error.

Everett Petry and Gray & Palmer, for defendant in error K. L. Wickett.

FOSTER, C. This is an appeal from the district court of Osage county asking for a reversal of an order of that court refusing to set aside a judgment in favor of K. L. Wickett and against Elmer J. Black. The case was originally tried before the judge, who rendered a judgment for the sum of $767.37, together with interest and $100 as attorney's fee, and declaring a lien upon 12/80ths undivided interest in a certain oil and gas lease given by the Osage Tribe of Indians to Elmer J. Black.

The original case was appealed to this court, and is entitled Elmer J. Black et al. v. K. L. Wickett, No. 19567, which has been this day decided (145 Okla. ___).

After the overruling of a motion for a new trial in the last-mentioned case, George Mayo, plaintiff in error here, filed his motion to set aside the judgment on the ground that he was not made a party defendant. The motion attempts to make a special appearance on behalf of George Mayo, but alleges that he is interested in the judgment, in that he owns an undivided 6/80ths inter-

est in the oil and gas lease, which is ordered to be sold by the original judgment; that he was not made a party thereto, and knew nothing of the filing of the suit, or of the judgment, until after the motion for a new trial had been overruled. This motion was filed before the expiration of the term at which the judgment was granted.

A statement of the facts appears in the case of Elmer J. Black et al. v. K. L. Wickett, No. 19567, supra. It appears that K. L. Wickett, Elmer J. Black, George Mayo, and several other persons agreed to purchase the oil and gas lease involved in this action at a public sale held at Pawhuska, in which oil and gas leases belonging to the Osage Tribe of Indians were being sold. For the purpose of convenience, the lease was placed in the name of Elmer J. Black, but it was understood that it was for the mutual benefit of all the parties. Wickett had had considerable experience in drilling wells, and by the mutual consent of all parties, Elmer J. Black entered into a contract with K. L. Wickett, by the terms of which Wickett was to drill an oil and gas well upon the lease and to receive as payment therefor a certain undivided interest in the lease to be assigned by Black. Some of the parties did not pay their proportionate part for the purchase price of the lease. However, it seems to be agreed that, at the time of the institution of the action by Wickett against Elmer J. Black, Wickett owned the entire lease, with the exception of 12/80ths, which was in the name of Black. The original action was for an accounting to pay for additional wells that were drilled upon the lease pursuant to the terms of the contract between Black and Wickett, and for a lien thereon. It was found by the court that the sum for which the judgment was granted, as above indicated, was the amount due Wickett for his proportionate part; that is, for the 12/80ths interest in the development of the lease. It seems, also, to have been understood and recognized between the parties that Mayo, as a matter of fact, owned 6/80ths of the interest held by Black.

Black filed a demurrer to the petition of Wickett in the original action, one of the grounds being that there was an improper joinder of parties, also setting up that George Mayo was a proper party. At the beginning of the trial Wickett also objected to the introduction of testimony, on the ground that Mayo was a proper party. However, no motion was made by Wickett asking that Mayo be made a party. The judgment was a personal one against Black, but decreed the sale of the entire interest held in the name of Black to satisfy said judgment.

The motion of Mayo to set aside this judgment came on for hearing after notice had been given to attorneys for Wickett, and the court heard testimony on same. The testimony, however, consisted of the petition in the original case, the demurrer, the answer of the defendant Black, and the judgment of the court; also an affidavit of George Mayo that he owned a 6/80ths interest in the oil and gas lease. The only oral testimony was a transcript of the record of the testimony of Black taken at the original trial of the case. the substance of which was that the 12/80ths interest which he held in the oil and gas lease was owned jointly by him and George Mayo, each owning a 6/80ths interest; but that he held the same in his name for the benefit of George Mayo.

The court overruled the motion to vacate the judgment, and it is from this order that George Mayo appeals.

An examination of the order overruling the motion to vacate the judgment does not disclose on what grounds the court denied the same.

It is first contended by plaintiff in error that the court erred in overruling the motion to set aside this judgment, because the ownership of the lease was a mining partnership, and it was necessary for all members of said partnership to be made parties; that the original judgment was absolutely void and could be vacated at any time.

We do not think it necessary to discuss in detail the different contentions made by plaintiff in error. As above stated, the order overruling the motion to set aside the judgment is general, and from a consideration of the entire record we do not think the court erred in so doing.

While K. L. Wickett did not allege in his original petition, nor does he directly contend in this action, that Elmer Black was acting as trustee for Mayo, we think from an examination of the entire record that Black held this property in trust. The sole contention of the defendant is that Mayo owned a 6/80ths interest, and that his property is ordered sold by judgment of the court in which he was not a party; that he was not served with summons, and had no notice of the pending of the action. Mayo is affected by the judgment only because of the lien

against his property that is held in trust by Black. No personal judgment is granted against Mayo. It is admitted by the record that Black had a right to transfer this property, and did transfer a part of the property which he held in his name to Wickett.

Plaintiff in error relies upon sections 220 and 224, C. O. S. 1921, which sections provide that all persons interested in an action may be made parties, and that all necessary parties to each action must be brought in, either upon application of the parties or upon the court's own motion. But these sections we do not think apply. Mayo might have been a proper party, but we do not think he was a necessary party.

Section 211, C. O. S. 1921, provides that a trustee may bring an action without joining the persons for whose benefit it is prosecuted. If a trustee may bring an action for the benefit of those whom he represents, we think other persons may bring an action against the trustee without joining the persons whom the trustee represents, where it only affects trust property. While not directly in point, the early case of Weyman v. Herard, 9 Okla. 35, 59 Pac. 109, holds that a trustee could be sued, and that his beneficiaries were bound thereby, if the trustee chooses to waive the protection of the rule that all beneficiaries must be before the court.

We think in the case at bar that Black might have had Mayo made a party defendant by proper application. But, since he was holding the property in his name for the benefit of Mayo, and since no personal judgment was granted against Mayo, but only a lien upon his property for services rendered in the development of the lease, we do not believe that Mayo can now by motion have the judgment set aside, It has, of course, been recognized by a long list of decisions in this court that a judgment which is void upon its face may be set aside at any time regardless of any statute of limitations, and by motion of any party interested. But this judgment we do not think void upon its face.

The order of the district court denying the motion to vacate the judgment is therefore affirmed.

TEEHEE, LEACH, REID, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.