## STUART v. SANDS.

No. 32278.   May 6, 1947.

*180 P. 2d 837.*

Hamilton & Kane and Robert S. Stuart, all of Pawhuska, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, both of Pawhuska, for defendant in error.

DAVISON, V.C.J.   This is an action wherein plaintiff, as junior beneficiary under a trust agreement, seeks an accounting by the defendant, as senior beneficiary and trustee, of receipts by him, from a 5/12 interest in an Osage Indian headright, the property of a third person, not a party herein. Plaintiff also seeks an order directing the application to the payment of his debt, of all income received or to be received therefrom, in excess of the amount justly due defendant.

On August 29, 1928, while the owner of a 5/12 interest in an Osage Indian headright, one Sylvia Rogers Irwin borrowed $6,000 from defendant and executed two promissory notes to his bank in the amount of $3,000 each bearing interest at the rate of 10% per annum. These notes were subsequently taken out of the bank's assets and all subsequent transactions were with defendant in his individual capacity. Plaintiff signed a written agreement guaranteeing the payment of these notes.

In October, 1929, upon an involuntary petition filed against her, Sylvia Rogers Irwin was adjudicated a bankrupt, and her interest in the headright was taken, as an asset of her estate. It was sold under order of court in the fall of 1932. On October 1, 1932, she borrowed $2,000 from defendant to purchase said headright, which was bought in defendant's name. She executed to defendant's bank a promissory note for that amount, with interest at 10% per

annum. The facts, thus far stated, are undisputed. There is a sharp conflict in the remainder of the testimony.

There was introduced in evidence a $6,000 note bearing interest at 6%, dated July 11, 1930, payable to defendant's bank, which plaintiff contends was executed and delivered as a renewal of the original indebtedness. There was also introduced a $7,300 note bearing interest at 6%, dated September 30, 1932, payable to defendant, which plaintiff contends was executed and delivered as a renewal of the same indebtedness. Defendant contends that neither of these notes was delivered or accepted and that each had been altered after execution. There was also introduced a contract dated October 1, 1932, executed by defendant and Mrs. Irwin wherein she assigned the headright interest to defendant to be held in trust as collateral for the payment of the $7,300 and $2,000 notes and the income therefrom applied to their payment. Under said contract the income from the headright interest was to be applied to the payment of the notes.

Plaintiff's interest arises by reason of a $6,112 note executed to him June 25, 1935, by Mrs. Irwin, secured by assignment of the proceeds from the headright interest subject to the prior payment of the indebtedness due defendant. A copy of this note and assignment was delivered to defendant, who, on the same date, executed an agreement and declaration wherein he acknowledged his position as trustee, holding title to the headright interest for the purpose of applying the income to the payment of both debts.

After an unsuccessful attempt at settlement, the cause was tried upon plaintiff's amended petition. The gist of the action was whether defendant was entitled to 10% interest per annum on the original indebtedness until final payment, or was the interest reduced to 6% per annum on July 11, 1930, the date of the $6,000 note. The difference amounted to some $4,000. The judgment of the trial court was for plaintiff. The defend-

ant has appealed, relying upon two propositions for reversal: First, that there is a defect of parties in that Sylvia Rogers Irwin was a necessary party and was not before the court; second, that the judgment is not supported by the evidence.

Defendant urgently contends that Sylvia Rogers Irwin was a necessary party herein and that his demurrer based thereon should have been sustained. He relies upon the rule stated in Southwestern Bell Telephone Co. v. State, 75 Okla. 42, 181 P. 487, as follows:

"The general rule in actions of equitable cognizance is that all persons materially interested, either legally or beneficially, in the subject matter of the suit must be made parties, either as plaintiffs or defendants, so that a complete decree may be made, binding upon all parties. The court cannot properly adjudicate matters involved in a suit where it appears that necessary and indispensable parties to the proceedings are not before the court."

But in Missouri, K. & T. Ry. Co. v. Lynn, 62 Okla. 17, 161 P. 1058, we quoted the limitation on the rule in these words:

"The statute (12 O.S. 1941 §236) is only mandatory where 'a determination of the controversy cannot be had without the presence of the other parties.'"

In the instant case plaintiff does not seek relief against Mrs. Irwin. It is true the equitable title to the property was in her, but the relief sought was merely an accounting of receipts, by a senior lienholder in possession, and an application of any sums in excess of the amount necessary to discharge such lien, to the payment on the junior lien indebtedness.

A quite similar situation was presented in the case of Mayo v. Wickett et al., 144 Okla. 223, 293 P. 255. In that case Black, Mayo, and Wickett each owned an undivided interest in an oil and gas lease, the legal title to which was in the name of Black, who acted as trustee. Wickett claimed certain

amounts due him because of development of the lease, and brought suit against Black for an accounting to pay for wells drilled by plaintiff and to establish a lien on the jointly owned property. Black demurred to the petition on the ground that Mayo was not made a party. The demurrer was overruled and judgment was for plaintiff. Mayo came in after judgment and moved to vacate it. In that case, in discussing the same question here presented, we said:

"Plaintiff in error relies upon sections 220 and 224, C.O.S. 1921, which sections provide that all persons interested in an action may be made parties, and that all necessary parties to each action must be brought in, either upon application of the parties or upon the court's own motion. But these sections, we do not think, apply. Mayo might have been a proper party, but we do not think he was a necessary party.

"Section 211, C.O.S. 1921, provides that a trustee may bring an action without joining the persons for whose benefit it is prosecuted. If a trustee may bring an action for the benefit of those whom he represents, we think other persons may bring an action against the trustee without joining the persons whom the trustee represents, where it only affects the trust property. . . ."

In the instant case plaintiff does not seek to go so far as to establish his lien against the property, but merely to require the trustee to pay him the amounts due under his contract with Mrs. Irwin. She was not a necessary party for the determination of the isues raised.

The other point raised by appellant is the sufficiency of the evidence to support the judgment. From a practical standpoint this involves only the question of the reduction of the interest rate from 10% to 6% by the $6,000 note of July 11, 1930. If the judgment for plaintiff on this point is supported by the evidence, the circumstances surrounding the execution of the $7,300 note become relatively unimportant.

We have diligently and closely examined the entire record. On the one hand, plaintiff testified that he had a conference with the defendant about the execution of this note and the reduction of the interest rate on the indebtedness. This, at a time when a petition for discharge in bankruptcy had been filed on behalf of the principal debtor. That the conference was held in defendant's office in his bank, and that, as a result, the $6,000 note which had already been signed by Mrs. Irwin was made to conform to their agreement, by showing the interest rate at 6% and the date of its commencement as the date of the instrument, and the same was delivered.

All of this the defendant denied, and he further testified that when he first saw the note in 1932, it provided for 10% interest and he marked it "collateral" and always refused to accept it. That in its present form, providing for interest from date at 6%, it was altered and therefore void.

In addition to this testimony, these further facts appear. That, unless renewed after the adjudication of bankruptcy of Sylvia Rogers Irwin, her original indebtedness would be barred. That the $6,000 note was in the possession of defendant's secretary at all times subsequent to 1932. That had defendant first seen it in that year and had it provided for interest at 10%, it would have been a renewal of the original indebtedness on the same basis now contended for by defendant. Other minor remote details also support the finding of the trial court.

We have consistently held that a judgment will not be reversed on appeal unless against the clear weight of the evidence. That rule is applicable here.

The judgment is affirmed.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.