(C.D. 3463)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

·Decided June 6, 1968

*Stein ·& Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Glenn E. Harris* and *Morris Braverman,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges ·

LANDIS, Judge: This protest is limited to articles of porcelainware identified on the entry invoice as item number 1/7394 "Flower of Month" and item number 1/7395 "Fruit of Month." The items consist of cups and saucers decorated with a design depicting a particular flower or fruit of the month. A paper label, pasted on the cup, identified the flower or fruit design and the month it represents. There is a cup and saucer, in each design, for the 12 months of the year.

The protest issue is the same as in two previously decided cases, *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company,* 47 CCPA 1, C.A.D. 719, and *W. Kay Company, Inc.* v. *United States,* 53 Cust. Ct. 130, C.D. 2484, namely, whether the cups and saucers are porcelainware, chiefly used as tableware, as classified by the collector at San Diego, or decorated porcelainware, which is not tableware, as plaintiff claims. Each of those classifications takes a different duty rate under paragraph 212 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, T:D. 53865 and T.D. 53877. The effective trade agreement rate on cups and saucers, which are tableware, is 10 cents per dozen pieces and 45 per centum ad valorem. It is only 45 per centum ad valorem on cups and saucers which are not tableware.

The transcript of the testimony heard at San Diego, Los Angeles, and San Francisco consists of 133 pages. Eight witnesses testified for plaintiff. Representative samples (collective exhibit 1) and picture illustrations (exhibit 2) of the cups and saucers are in evidence. Defendant's only bit of evidence (aside from cross-examination of the witnesses) is a 1962 catalogue put out by United China & Glass Company containing colored photographs of decorated plates, cups, saucers, and coasters in "Flower of the Month" and "Fruit of the Month" designs. The records in *The Baltimore & Ohio* and *W. Kay* cases are incorporated herein. (R. 5.)

Plaintiff has briefed the facts and issues. Defendant was excused from filing a brief on its statement "that the decisions in *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China and Glass Company, Inc.* * * * and *W. Kay Company, Inc.* v. *United States* * * * [*supra*] are dispositive of the issues in the case at bar." We accept defendant's statement as an admission that those cases control the relevant facts of record. *The A. W. Fenton Co., Inc.* v. *United States,* 44 Cust. Ct. 16, C.D. 2147.

The facts, which are not in dispute, preponderantly show that the item cups and saucers are not chiefly used as tableware for the service of meals, but as ornamental and decorative novelty articles for display. In this material respect they are the same as the cups and saucers in *The Baltimore* and *W. Kay* cases. On the authority of those cases, the protest claim that item numbers 1/7394 and 1/7395 consist of porcelainware articles which are not tableware and which do not contain 25 per centum or more of calcined bone, dutiable at 45 per centum ad valorem under paragraph 212, as modified, is sustained.

Judgment will enter accordingly.