(C.D. 4475)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

Court No. 70/55738

(Decided October 17, 1973)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

RICHARDSON, Judge: The merchandise at bar, consisting of cups and saucers, was classified in liquidation under TSUS item 533.73 as

---

[4] An affidavit submitted by plaintiff (quoted in part *ante*) indicates that the acid pickling process was "designed to alter chemically the exterior surface of the domes". The Government submitted no controverting affidavit. Consequently, there is no basis in fact for considering the acid pickling process used at Uniroyal to be merely a cleansing operation, as urged by defendant.

articles chiefly used for preparing, serving, or storing food or beverages or food or beverage ingredients at the duty rate of 40 *per centum ad valorem* and 9 cents per dozen pieces. It is claimed by the plaintiff-importer that the merchandise should be classified under TSUS item 534.94 as ornamental articles of nonbone chinaware or subporcelain at the duty rate of 40 *per centum ad valorem.*

In its complaint plaintiff alleges, among other things, that the subject merchandise consists of decorated porcelain cups and saucers not containing 25% or more of calcined bone, which are similar in all material respects to the merchandise the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719 (1959), *W. Kay Company, Inc.* v. *United States*, 53 Cust. Ct. 130, C.D. 2484 (1964), or *New York Merchandise Co., Inc.* v. *United States*, 60 Cust. Ct. 585, C.D. 3463 (1968), and requests that judgment issue directing the district director to reliquidate the involved entry under item 534.94 in accordance with its claim. In its answer the defendant admits all of the allegations of the complaint, and requests that judgment issue directing reliquidation of the involved entry in accordance with plaintiff's claim herein.

In the cases cited in the complaint the merchandise consisted of various types of decorated china or porcelain cups and saucers which, under counterpart provisions of the predecessor Tariff Act, had been classified as "tableware" by the collector. In all of these cases classification was overruled by the courts which held that the cups and saucers were *chiefly used* for decorative or other nonutilitarian purposes at the time of their importation. In the instant case the defendant admits that the involved cups and saucers are not "tableware" but are *chiefly used* for decorative or other nonutilitarian purposes. Consequently, since the pleadings fail to raise any triable issue in the case, the necessity for further proceedings in this action is obviated.

Plaintiff's claim for classification of the subject merchandise under item 534.94 is sustained. Judgment will be entered accordingly.